**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KEVAUGHN BLACKWOOD, JULLISSA CLARKE, TAMEKA MAITLAND, MELVA MILLER, NICOLE OSVATH, KEITH GRAY, EDWARD SANDERS III, NICKEISHA SIMMS, DURWARD STEWART, EUGENE WILLIAMS JR., and SHAWNDRA WALKER, | |
| Plaintiffs, | Case No.: |
| v. | |
| WESTMONT HOSPITALITY GROUP, DW CROSSLAND OWNERS, LLC d/b/a CROSSLAND ECONOMY STUDIOS, HOMETOWNE STUDIOS, LLC, RED ROOF FRANCHISING, LLC and ESSENCE McCAULEY, | |
| Defendants. | |

## COMPLAINT

NOW COMES, the plaintiffs, KEVAUGHN BLACKWOOD, JULLISSA CLARKE, TAMEKA MAITLAND, MELVA MILLER, NICOLE OSVATH, KEITH GRAY, EDWARD SANDERS III, NICKEISHA SIMMS, DURWARD STEWART, EUGENE WILLIAMS JR., and SHAWNDRA WALKER (hereinafter "Plaintiffs"), by and through their attorneys, O'CONNOR LAW FIRM, LTD., and complaining of the Defendants, WESTMONT HOSPITALITY GROUP, DW CROSSLAND OWNERS, LLC d/b/a CROSSLAND ECONOMY STUDIOS, HOMETOWNE STUDIOS, LLC, RED ROOF FRANCHISING, LLC and ESSENCE MCCAULEY (hereinafter "Defendants"), allege as follows:

## Jurisdiction

1. This action is brought against the Defendants pursuant to Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981, et seq., as amended, and section 1985 of the Civil Rights Act of 1871, 42 U.S.C. § 1985, et. seq., as amended.

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

3. Venue in this district is proper under 28 U.S.C. § 1391 because a substantial part of the events and omissions complained of took place in this District at 1177 S. Northpoint Boulevard, in the City of Waukegan, State of Illinois.

## Parties

4. At all times relevant, the Plaintiffs are and were over the age of 18.

5. The Plaintiffs' appearances make it clear they are either African American and/or of Jamaican ethnicity and/or of a race other than white or Caucasian – "group distinct from the white race as a matter of race or color"[1]:

   a. Plaintiff, KIVAUGHAN BLACKWOOD, is of Jamaican ethnicity and was present in the United States at all times relevant;

   b. Plaintiff, JULLISSA CLARKE, is of Jamaican ethnicity and was present in the United States at all times relevant;

   c. Plaintiff, KEITH GRAY, is African American and is a resident of the State of Illinois;

   d. Plaintiff, TAMEKA MAITLAND, is of Jamaican ethnicity and was present in the United States at all times relevant;

---

[1] Doe ex rel. Doe v. St. Joseph's Hosp., 788 F.2d 411, 418 (7th Cir. 1986) (*citation omitted, overruled in part on other grounds*).

e. Plaintiff, MELVA MILLER, is African American and is a resident of the State of Florida;

f. Plaintiff, NICOLE OSVATH, is of Hungarian ethnicity and her race/skin color is non-white/Caucasian, and is a resident of the State of Illinois;

g. Plaintiff, EDWARD SANDERS III, is African American and is a resident of the State of Florida;

h. Plaintiff, NICKEISHA SIMMS, is of Jamaican ethnicity and was present in the United States at all times relevant;

i. Plaintiff, DURWARD STEWART, is of Jamaican ethnicity and was present in the United States at all times relevant;

j. Plaintiff, EUGENE WILLIAMS JR., is African American and is a resident of the State of Illinois; and

k. Plaintiff, SHAWNDRA WALKER, is African American and is a resident of the State of Illinois.

6. DW CROSSLAND OWNER, LLC, is a Delaware Limited Liability Company with its principal place of business located at 5847 San Felipe Street in Houston, Texas.

7. Upon information and belief, DW CROSSLAND OWNER, LLC, is a wholly owned subsidiary of WESTMONT HOSPITALITY GROUP, a Canadian Corporation with offices its principal place of business and headquarters in the City Missisagua, Ontario, Canada. Furthermore, WESTMONT HOSPITALITY GROUP has offices in Houston, Texas, Los Angeles, California, and New York City, New York.

8. At all relevant times, HOMETOWNE STUDIOS, LLC, is a Delaware Limited Liability Company with its principal place of business located at 7815 Walton Parkway in New Albany, Ohio.

9. At all relevant times, RED ROOF FRANCHISHING, LLC, is a Delaware Limited Liability Company with its principal place of business located at 7815 Walton Parkway in Columbus, Ohio.

10. At all relevant times, ESSENCE MCCAULEY, was an agent, employee, and/or a servant of defendants, DW CROSSLAND OWNER, LLC, HOMETOWNE STUDIOS, LLC, RED ROOF FRANCHISING, LLC and WESTMONT HOSPITALITY GROUP.

## Class Certification Allegation

11. All plaintiffs bring this action on their own behalf and pursuant to Rule 23(a) and 23(b)(1) of the Federal Rules of Civil Procedure, on behalf of other similarly situated and affected residents at the Crossland Economy Studios located at 1177 S. Northpoint Boulevard, in the City of Waukegan, and State of Illinois.

**Numerosity**

12. The class is so numerous that joinder of all members is impracticable because of the members race and Jamaican ethnicity. The allegations have affected all of the residents at Defendants' hotel.

**Commonality**

13. There are questions of law and fact common to all members of the class. Such questions include, but are not limited to:

    a. Did the defendants the discriminate and deny the plaintiffs their constitutional rights to make and enforce contracts because of their race and ethnicity?

    b. Did the defendants conspire with each other to violate the plaintiffs' constitutional protections provided under § 1985?

**Typicality**

14. The claims of the plaintiffs are typical of those of the plaintiff class. Each of the named plaintiffs, as well as the class members, were subject to discrimination and harassment while residents at the defendants' hotel.

**Adequacy**

15. Plaintiffs are capable of fairly and adequately protecting the interest of the plaintiff class and will diligently serve as class representatives. Plaintiffs do not have any interests antagonistic to the class. Finally, plaintiffs are represented by counsel experiences in civil rights litigation.

**Rule 23(b)(1)**

16. This action is maintainable as a class action pursuant to Federal Rules of Civil Procedure 23(b)(1) because the prosecution of separate actions by individuals would create a risk of inconsistent and varying adjudications, which in turn would establish incompatible standards of conduct for the defendants. Additionally, the prosecution of separate actions by individual members could result in adjudications with respect to individual members that, as a practical matter, would substantially impair the ability of other members to protect their interests

<u>**General Allegations**</u>

17. On or around May 19, 2018, and for some time prior, until on or around September 30, 2018, the defendant, WESTMONT HOSPITALITY GROUP, individually and/or by and through its agents, employees, and/or servants owned, operated, maintained, managed, and/or controlled the Crossland Economy

Studios/Hometowne Studios located at 1177 S. Northpoint Boulevard in the City of Waukegan, and State of Illinois.

18. On or around May 19, 2018, and for some time prior, until on or around September 30, 2018, the defendant, DW CROSSLAND OWNER, LLC, individually and/or by and through its agents, employees, and/or servants owned, operated, maintained, managed, and/or controlled the Crossland Economy Studios/Hometowne Studios located at 1177 S. Northpoint Boulevard in the City of Waukegan, and State of Illinois.

19. On or around May 19, 2018, and for some time prior, until on or around September 30, 2018, the defendant, HOMETOWNE STUDIOS, LLC, individually and/or by and through its agents, employees, and/or servants owned, operated, maintained, managed, and/or controlled the Crossland Economy Studios/Hometowne Studios located at 1177 S. Northpoint Boulevard in the City of Waukegan, and State of Illinois.

20. On or around May 19, 2018, and for some time prior, until on or around September 30, 2018, the defendant, RED ROOF FRANCHISING, LLC, individually and/or by and through its agents, employees, and/or servants owned, operated, maintained, managed, and/or controlled the Crossland Economy Studios/Hometowne Studios located at 1177 S. Northpoint Boulevard in the City of Waukegan, and State of Illinois

21. On or around May 19, 2018, until on or around September 30, 2018, the defendant, ESSENCE McCAULEY, individually and/or as agent, employee, and/or

servant of defendants, WESTMOUNT HOSPITALITY GROUP, DW CROSSLAND OWNER, LLC, HOMETOWN STUDIOS, LLC, and RED ROOF FRANCHISING, LLC, owned, operated, managed, maintained and/or controlled the Crossland Economy Studios/Hometowne Studios located at 1177 S. Northpoint Boulevard in the City of Waukegan, and State of Illinois.

22. At the aforementioned time, the plaintiffs' appearance revealed to the defendants, as well as the public at large, that the plaintiffs were either of African American, of Jamaican ethnicity, or a race/skin color other than white/Caucasian.

23. At the aforementioned time, the plaintiffs, as well as other similarly situated individuals, were residents at the Crossland Economy Studios/Hometowne Studios located at 1117 S. Northpoint Boulevard in the City of Waukegan, State of Illinois, after paying for their respective stays in advance.

24. At all relevant times during their stay at Crossland Studios/Hometowne Studios, the defendants subjected the plaintiffs to living in unsanitary rooms infested with mold and insects, repeatedly harassed and called derogatory terms, faced unpredictable and unreasonable threats of termination of their stay, denied access to their mail and other deliveries, repeatedly moved from their rooms to other rooms without notice, and ultimately evicted from their rooms without cause, all due to discrimination on the basis of their race and ethnicity.

**COUNT I**
*Kevaughn Blackwood vs. WESTMONT HOSPITALITY GROUP*
*Violation of Section 1981*

25. Plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 25.

26. At the aforementioned time and place, WESTMONT HOSPITALITY GROUP, individually and/or by and through its agents, employees, and/or servants, intentionally discriminated against the plaintiff because of his Jamaican ethnicity.

27. At the aforementioned time and place, WESTMONT HOSPITALITY GROUP, individually and/or by and through its agents, employees, and/or servants had a duty under 42 U.S.C. §1981 to refrain from discriminating against the plaintiff based on his race and ethnicity, and denying the plaintiff's right to make and enforce contracts because of his race and/or ethnicity.

28. At the aforementioned time and place, WESTMONT HOSPITALITY GROUP, individually and/or by and through its agents, employees, and/or servants wrongfully and intentionally prevented the plaintiff from enjoying any of the benefits for which he contracted through one or more of the following acts and/or omissions:

    a.  Harassed the plaintiff by calling him derogatory terms;

    b.  Refused plaintiff access to his mail and deliveries;

    c.  Threatened to evict the plaintiff from his respective hotel rooms without cause or justifications;

    d.  Refused to clean plaintiff's respective hotel rooms;

    e.  Refused to provide plaintiff with maintenance services;

    f.  Moved plaintiff from room-to-room within the hotel without cause;

    g.  Evicted the plaintiff from his room without cause or justification;

h.  Otherwise prevented the plaintiff from making and enforcing a contract under which he had certain rights.

29. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of his constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, KEVAUGHN BLACKWOOD, demands judgment against WESTMONT HOSPITALITY GROUP for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

**COUNT II**
*Kevaughn Blackwood v. WESTMONT HOSPITALITY GROUP*
Violation of Section 1985

30. Plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 30.

31. At the aforementioned place and time, WESTMONT HOSPITALITY GROUP, individually and/or by and through its agents, employees, and/or servants, conspired with co-defendants, DW CROSSLAND OWNERS, LLC, HOMETOWNE STUDIOS, LLC, RED ROOF FRANCHISING, LLC and ESSENCE McCAULEY, for the purpose of depriving the plaintiff of his constitutional protected rights to make and enforce contracts because of his race and ethnicity.

32. At the aforementioned place and time, WESTMONT HOSPITALITY GROUP, individually and/or by and through its agents, employees, and/or servants, committed the following acts or omissions in furtherance of said conspiracy:

    a.  Harassed the plaintiff by calling him derogatory terms;

    b.  Refused plaintiff access to his mail and deliveries;

    c.  Threatened to evict the plaintiff from his respective hotel rooms without cause or justifications;

    d.  Refused to clean plaintiff's respective hotel rooms;

    e.  Refused to provide plaintiff with maintenance services;

    f.  Moved plaintiff from room-to-room within the hotel without cause;

    g.  Evicted the plaintiff from his room without cause or justification;

    h.  Otherwise prevented the plaintiff from making and enforcing a contract under which he had certain rights.

33. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of his constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, KEVAUGHN BLACKWOOD, demands judgment against WESTMONT HOSPITALITY GROUP for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

**COUNT III**
*Kevaughn Blackwood v. DW CROSSLANDS OWNER, LLC*
Violation of Section 1981

34. Plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 34.

35. At the aforementioned time and place, DW CROSSLANDS OWNER, LLC, individually and/or by and through its agents, employees, and/or servants, intentionally discriminated against the plaintiff because of his race/skin color and Jamaican ethnicity.

36. At the aforementioned time and place, DW CROSSLANDS OWNER, LLC, individually and/or by and through its agents, employees, and/or servants had a duty under 42 U.S.C. §1981 to refrain from discriminating against the plaintiff based on his race and ethnicity, and denying the plaintiff's right to make and enforce contracts because of his race and/or ethnicity.

37. At the aforementioned time and place, DW CROSSLANDS OWNER, LLC, individually and/or by and through its agents, employees, and/or servants wrongfully and intentionally prevented the plaintiff from enjoying any of the benefits for which he contracted through one or more of the following acts and/or omissions:

   a. Harassed the plaintiff by calling him derogatory terms;

   b. Refused plaintiff access to his mail and deliveries;

   c. Threatened to evict the plaintiff from his respective hotel rooms without cause or justifications;

   d. Refused to clean plaintiff's respective hotel rooms;

   e. Refused to provide plaintiff with maintenance services;

   f. Moved plaintiff from room-to-room within the hotel without cause;

11

g.  Evicted the plaintiff from his room without cause or justification;

h.  Otherwise prevented the plaintiff from making and enforcing a contract under which he had certain rights.

38. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of his constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, KEVAUGHN BLACKWOOD, demands judgment against DW CROSSLANDS OWNER, LLC for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

### COUNT IV
*Kevaughn Blackwood v. DW CROSSLANDS OWNER, LLC*
Violation of Section 1985

39. The plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 39.

40. At the aforementioned place and time, DW CROSSLANDS OWNER, LLC, individually and/or by and through its agents, employees, and/or servants, conspired with co-defendants, WESTMONT HOSPITATLIY GROUP, HOMETOWNE STUDIOS, LLC, RED ROOF FRANCHISING, LLC and ESSENCE McCAULEY, for the purpose of depriving the plaintiff of his constitutional protected rights to make and enforce contracts because of his race and ethnicity.

41. At the aforementioned place and time, DW CROSSLANDS OWNER, LLC, individually and/or by and through its agents, employees, and/or servants, committed the following acts or omissions in furtherance of said conspiracy:

  a. Harassed the plaintiff by calling him derogatory terms;

  b. Refused plaintiff access to his mail and deliveries;

  c. Threatened to evict the plaintiff from his respective hotel rooms without cause or justifications;

  d. Refused to clean plaintiff's respective hotel rooms;

  e. Refused to provide plaintiff with maintenance services;

  f. Moved plaintiff from room-to-room within the hotel without cause;

  g. Evicted the plaintiff from his room without cause or justification;

  h. Otherwise prevented the plaintiff from making and enforcing a contract under which he had certain rights.

42. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of his constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, KEVAUGHN BLACKWOOD, demands judgment against DW CROSSLANDS OWNER, LLC for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

**COUNT V**
*Kevaughn Blackwood vs. HOMETOWNE STUDIOS*
*Violation of Section 1981*

43. Plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 43.

44. At the aforementioned time and place, HOMETOWNE STUDIOS, LLC, individually and/or by and through its agents, employees, and/or servants, intentionally discriminated against the plaintiff because of his Jamaican ethnicity.

45. At the aforementioned time and place, HOMETOWNE STUDIOS, LLC, individually and/or by and through its agents, employees, and/or servants had a duty under 42 U.S.C. §1981 to refrain from discriminating against the plaintiff based on his race and ethnicity, and denying the plaintiff's right to make and enforce contracts because of his race and/or ethnicity.

46. At the aforementioned time and place, HOMETOWNE STUDIOS LLC, individually and/or by and through its agents, employees, and/or servants wrongfully and intentionally prevented the plaintiff from enjoying any of the benefits for which he contracted through one or more of the following acts and/or omissions:

    a. Harassed the plaintiff by calling him derogatory terms;

    b. Refused plaintiff access to his mail and deliveries;

    c. Threatened to evict the plaintiff from his respective hotel rooms without cause or justifications;

    d. Refused to clean plaintiff's respective hotel rooms;

    e. Refused to provide plaintiff with maintenance services;

    f. Moved plaintiff from room-to-room within the hotel without cause;

    g. Evicted the plaintiff from his room without cause or justification;

h. Otherwise prevented the plaintiff from making and enforcing a contract under which he had certain rights.

47. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of his constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, KEVAUGHN BLACKWOOD, demands judgment against HOMETOWNE STUDIOS, LLC for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

## COUNT VI
*Kevaughn Blackwood v. HOMETOWNE STUDIOS, LLC*
Violation of Section 1985

48. The plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 48.

49. At the aforementioned place and time, HOMETOWNE STUDIOS LLC, individually and/or by and through its agents, employees, and/or servants, conspired with co-defendants, DW CROSSLAND OWNERS, LLC, WESTMONT HOSPITALITY GROUP, RED ROOF FRANCHISING, LLC and ESSENCE McCAULEY, for the purpose of depriving the plaintiff of his constitutional protected rights to make and enforce contracts because of his race and ethnicity.

50. At the aforementioned place and time, HOMETOWNE STUDIOS LLC, individually and/or by and through its agents, employees, and/or servants, committed the following acts or omissions in furtherance of said conspiracy:

15

    a.  Harassed the plaintiff by calling him derogatory terms;

    b.  Refused plaintiff access to his mail and deliveries;

    c.  Threatened to evict the plaintiff from his respective hotel rooms without cause or justifications;

    d.  Refused to clean plaintiff's respective hotel rooms;

    e.  Refused to provide plaintiff with maintenance services;

    f.  Moved plaintiff from room-to-room within the hotel without cause;

    g.  Evicted the plaintiff from his room without cause or justification;

    h.  Otherwise prevented the plaintiff from making and enforcing a contract under which he had certain rights.

51. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of his constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, KEVAUGHN BLACKWOOD, demands judgment against HOMETOWNE STUDIOS, LLC for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

### COUNT VII
*Kevaughn Blackwood vs. RED ROOF FRANCHISING*
*Violation of Section 1981*

52. Plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 52.

53. At the aforementioned time and place, RED ROOF FRACHISING, LLC, individually and/or by and through its agents, employees, and/or servants, intentionally discriminated against the plaintiff because of his Jamaican ethnicity.

54. At the aforementioned time and place, RED ROOF FRACHISING, LLC, individually and/or by and through its agents, employees, and/or servants had a duty under 42 U.S.C. §1981 to refrain from discriminating against the plaintiff based on his race and ethnicity, and denying the plaintiff's right to make and enforce contracts because of his race and/or ethnicity.

55. At the aforementioned time and place, RED ROOF FRACHISING, individually and/or by and through its agents, employees, and/or servants wrongfully and intentionally prevented the plaintiff from enjoying any of the benefits for which he contracted through one or more of the following acts and/or omissions:

    a. Harassed the plaintiff by calling him derogatory terms;

    b. Refused plaintiff access to his mail and deliveries;

    c. Threatened to evict the plaintiff from his respective hotel rooms without cause or justifications;

    d. Refused to clean plaintiff's respective hotel rooms;

    e. Refused to provide plaintiff with maintenance services;

    f. Moved plaintiff from room-to-room within the hotel without cause;

    g. Evicted the plaintiff from his room without cause or justification;

    h. Otherwise prevented the plaintiff from making and enforcing a contract under which he had certain rights.

56. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of his constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, KEVAUGHN BLACKWOOD, demands judgment against RED ROOF FRACHISING, LLC for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

**COUNT VIII**
*Kevaughn Blackwood v. RED ROOF FRACHISING*
Violation of Section 1985

57. The plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 57.

58. At the aforementioned place and time, RED ROOF FRACHISING, LLC, individually and/or by and through its agents, employees, and/or servants, conspired with co-defendants, DW CROSSLAND OWNERS, LLC, WESTMONT HOSPITALITY GROUP, HOMETOWNE STUDIOS, LLC and ESSENCE McCAULEY, for the purpose of depriving the plaintiff of his constitutional protected rights to make and enforce contracts because of his race and ethnicity.

59. At the aforementioned place and time, RED ROOF FRACHISING LLC, individually and/or by and through its agents, employees, and/or servants, committed the following acts or omissions in furtherance of said conspiracy:

    a. Harassed the plaintiff by calling him derogatory terms;

    b. Refused plaintiff access to his mail and deliveries;

    c. Threatened to evict the plaintiff from his respective hotel rooms without cause or justifications;

    d. Refused to clean plaintiff's respective hotel rooms;

    e. Refused to provide plaintiff with maintenance services;

    f. Moved plaintiff from room-to-room within the hotel without cause;

    g. Evicted the plaintiff from his room without cause or justification;

    h. Otherwise prevented the plaintiff from making and enforcing a contract under which he had certain rights.

60. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of his constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, KEVAUGHN BLACKWOOD, demands judgment against RED ROOF FRACHISING, LLC for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

**COUNT IX**
*Kevaughn Blackwood v. ESSENCE McCAULEY*
Violation of Section 1981

61. Plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 61.

62. At the aforementioned time and place, ESSENCE McCAULEY, individually and/or as agent, employee, and/or servant of defendants, WESTMONT HOSPITALITY GROUP and/or DW CROSSLAND OWNER, LLC, and/or HOMETOWNE STUDIOS, LLC, and/or RED ROOF FRANCHISING, LLC

intentionally discriminated against the plaintiff because of his race/skin color and Jamaican ethnicity.

63. At the aforementioned time and place, ESSENCE McCAULEY, individually and/or as agent, employee, and/or servant of defendants, WESTMONT HOSPITALITY GROUP and/or DW CROSSLAND OWNER, LLC, and/or HOMETOWNE STUDIOS, LLC, and/or RED ROOF FRANCHISING, LLC had a duty under 42 U.S.C. §1981 to refrain from discriminating against the plaintiff based on his race and ethnicity, and denying the plaintiff's right to make and enforce contracts because of his race and/or ethnicity.

64. At the aforementioned time and place, *ESSENCE McCAULEY*, individually and/or as agent, employee, and/or servant of defendants, WESTMONT HOSPITALITY GROUP and/or DW CROSSLAND OWNER, LLC and/or HOMETOWNE STUDIOS, LLC and/or RED ROOF FRANCHISING, LLC wrongfully and intentionally prevented the plaintiff from enjoying any of the benefits for which he contracted through one or more of the following acts and/or omissions:

    a. Harassed the plaintiff by calling him derogatory terms;

    b. Refused plaintiff access to his mail and deliveries;

    c. Threatened to evict the plaintiff from his respective hotel rooms without cause or justifications;

    d. Refused to clean plaintiff's respective hotel rooms;

    e. Refused to provide plaintiff with maintenance services;

    f. Moved plaintiff from room-to-room within the hotel without cause;

g. Evicted the plaintiff from his room without cause or justification;

h. Otherwise prevented the plaintiff from making and enforcing a contract under which he had certain rights.

65. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of his constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, KEVAUGHN BLACKWOOD, demands judgment against ESSENCE McCAULEY for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

## COUNT X
*Kevaughn Blackwood v. ESSENCE McCAULEY*
Violation of Section 1985

66. The plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 66.

67. At the aforementioned place and time, ESSENCE McCAULEY, individually and/or as agent, employee, and/or servant of defendants, WESTMONT HOSPITALITY GROUP and/or DW CROSSLAND OWNER, LLC and/or HOMETOWNE STUDIOS, LLC and/or RED ROOF FRANCHISING, LLC conspired with co-defendants, WESTMONT HOSPITALITY GROUP and/or DW CROSSLAND OWNER, LLC and/or HOMETOWNE STUDIOS, LLC and/or RED ROOF FRANCHISING, LLC for the purpose of depriving the plaintiff of his

constitutional protected rights to make and enforce contracts because of his race and ethnicity.

68. At the aforementioned place and time, ESSENCE McCAULEY, individually and/or as agent, employee, and/or servant of defendants, WESTMONT HOSPITALITY GROUP and/or DW CROSSLAND OWNER, LLC and/or HOMETOWNE STUDIOS, LLC and/or RED ROOF FRANCHISING, LLC, committed the following acts or omissions in furtherance of said conspiracy:

    a. Harassed the plaintiff by calling him derogatory terms;

    b. Refused plaintiff access to his mail and deliveries;

    c. Threatened to evict the plaintiff from his respective hotel rooms without cause or justifications;

    d. Refused to clean plaintiff's respective hotel rooms;

    e. Refused to provide plaintiff with maintenance services;

    f. Moved plaintiff from room-to-room within the hotel without cause;

    g. Evicted the plaintiff from his room without cause or justification;

    h. Otherwise prevented the plaintiff from making and enforcing a contract under which he had certain rights.

69. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of his constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, KEVAUGHN BLACKWOOD, demands judgment against *ESSENCE McCAULEY,* for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

## COUNT XI
*Jullissa Clarke vs. WESTMONT HOSPITALITY GROUP*
*Violation of Section 1981*

70. Plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 70.

71. At the aforementioned time and place, WESTMONT HOSPITALITY GROUP, individually and/or by and through its agents, employees, and/or servants, intentionally discriminated against the plaintiff because of her race/skin color and Jamaican ethnicity.

72. At the aforementioned time and place, WESTMONT HOSPITALITY GROUP, individually and/or by and through its agents, employees, and/or servants had a duty under 42 U.S.C. §1981 to refrain from discriminating against the plaintiff based on her race and ethnicity, and denying the plaintiff's right to make and enforce contracts because of her race and/or ethnicity.

73. At the aforementioned time and place, WESTMONT HOSPITALITY GROUP, individually and/or by and through its agents, employees, and/or servants wrongfully and intentionally prevented the plaintiff from enjoying any of the benefits for which she contracted through one or more of the following acts and/or omissions:

    a. Harassed the plaintiff by calling her derogatory terms;

b. Refused plaintiff access to her mail and deliveries;

c. Threatened to evict the plaintiff from her respective hotel rooms without cause or justifications;

d. Refused to clean plaintiff's respective hotel rooms;

e. Refused to provide plaintiff with maintenance services;

f. Moved plaintiff from room-to-room within the hotel without cause;

g. Evicted the plaintiff from her room without cause or justification;

h. Otherwise prevented the plaintiff from making and enforcing a contract under which she had certain rights.

74. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of her constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, JULLISSA CLARKE, demands judgment against WESTMONT HOSPITALITY GROUP for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

## COUNT XII
### *Jullissa Clarke v. WESTMONT HOSPITALITY GROUP*
Violation of Section 1985

75. The plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 75.

76. At the aforementioned place and time, WESTMONT HOSPITALITY GROUP, individually and/or by and through its agents, employees, and/or servants, conspired with co-defendants, DW CROSSLAND OWNER, LLC and/or

HOMETOWNE STUDIOS, LLC and/or RED ROOF FRANCHISING, LLC, for the purpose of depriving the plaintiff of her constitutional protected rights to make and enforce contracts because of her race and ethnicity.

77. At the aforementioned place and time, WESTMONT HOSPITALITY GROUP, individually and/or by and through its agents, employees, and/or servants, committed the following acts or omissions in furtherance of said conspiracy:

    a. Harassed the plaintiff by calling her derogatory terms;

    b. Refused plaintiff access to her mail and deliveries;

    c. Threatened to evict the plaintiff from her respective hotel rooms without cause or justifications;

    d. Refused to clean plaintiff's respective hotel rooms;

    e. Refused to provide plaintiff with maintenance services;

    f. Moved plaintiff from room-to-room within the hotel without cause;

    g. Evicted the plaintiff from her room without cause or justification;

    h. Otherwise prevented the plaintiff from making and enforcing a contract under which she had certain rights.

78. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of her constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, JULLISSA CLARKE, demands judgment against WESTMONT HOSPITALITY GROUP for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

**COUNT XIII**
*Jullissa Clarke v. DW CROSSLANDS OWNER, LLC*
Violation of Section 1981

79. Plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 79.

80. At the aforementioned time and place, DW CROSSLANDS OWNER, LLC, individually and/or by and through its agents, employees, and/or servants, intentionally discriminated against the plaintiff because of her race/skin color and Jamaican ethnicity.

81. At the aforementioned time and place, DW CROSSLANDS OWNER, LLC, individually and/or by and through its agents, employees, and/or servants had a duty under 42 U.S.C. §1981 to refrain from discriminating against the plaintiff based on her race and ethnicity, and denying the plaintiff's right to make and enforce contracts because of her race and/or ethnicity.

82. At the aforementioned time and place, DW CROSSLANDS OWNER, LLC, individually and/or by and through its agents, employees, and/or servants wrongfully and intentionally prevented the plaintiff from enjoying any of the benefits for which she contracted through one or more of the following acts and/or omissions:

   a. Harassed the plaintiff by calling her derogatory terms;

   b. Refused plaintiff access to her mail and deliveries;

   c. Threatened to evict the plaintiff from her respective hotel rooms without cause or justifications;

   d. Refused to clean plaintiff's respective hotel rooms;

e.  Refused to provide plaintiff with maintenance services;

f.  Moved plaintiff from room-to-room within the hotel without cause;

g.  Evicted the plaintiff from her room without cause or justification;

h.  Otherwise prevented the plaintiff from making and enforcing a contract under which she had certain rights.

83. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of her constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, JULLISSA CLARKE, demands judgment against DW CROSSLANDS OWNER, LLC for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

**COUNT XIV**
*Jullissa Clarke v. DW CROSSLANDS OWNER, LLC*
Violation of Section 1985

84. The plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 84.

85. At the aforementioned place and time, DW CROSSLANDS OWNER, LLC, individually and/or by and through its agents, employees, and/or servants, conspired with co-defendants, WESTMONT HOSPITATLIY GROUP, and/or HOMETOWNE STUDIOS, LLC and/or RED ROOF FRANCHISING, LLC and ESSENCE McCAULEY, for the purpose of depriving the plaintiff of her

constitutional protected rights to make and enforce contracts because of her race and ethnicity.

86. At the aforementioned place and time, DW CROSSLANDS OWNER, LLC, individually and/or by and through its agents, employees, and/or servants, committed the following acts or omissions in furtherance of said conspiracy:

    a. Harassed the plaintiff by calling her derogatory terms;

    b. Refused plaintiff access to her mail and deliveries;

    c. Threatened to evict the plaintiff from her respective hotel rooms without cause or justifications;

    d. Refused to clean plaintiff's respective hotel rooms;

    e. Refused to provide plaintiff with maintenance services;

    f. Moved plaintiff from room-to-room within the hotel without cause;

    g. Evicted the plaintiff from her room without cause or justification;

    h. Otherwise prevented the plaintiff from making and enforcing a contract under which she had certain rights.

87. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of her constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, JULLISSA CLARKE, demands judgment against DW CROSSLANDS OWNER, LLC for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

## COUNT XV
*Jullissa Clarke vs. HOMETOWNE STUDIOS*
*Violation of Section 1981*

88. Plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 88.

89. At the aforementioned time and place, HOMETOWNE STUDIOS, LLC, individually and/or by and through its agents, employees, and/or servants, intentionally discriminated against the plaintiff because of her race/skin color and Jamaican ethnicity.

90. At the aforementioned time and place, HOMETOWNE STUDIOS, LLC, individually and/or by and through its agents, employees, and/or servants had a duty under 42 U.S.C. §1981 to refrain from discriminating against the plaintiff based on her race and ethnicity, and denying the plaintiff's right to make and enforce contracts because of her race and/or ethnicity.

91. At the aforementioned time and place, HOMETOWNE STUDIOS, LLC, individually and/or by and through its agents, employees, and/or servants wrongfully and intentionally prevented the plaintiff from enjoying any of the benefits for which she contracted through one or more of the following acts and/or omissions:

    a.  Harassed the plaintiff by calling her derogatory terms;

    b.  Refused plaintiff access to her mail and deliveries;

    c.  Threatened to evict the plaintiff from her respective hotel rooms without cause or justifications;

    d.  Refused to clean plaintiff's respective hotel rooms;

29

e.  Refused to provide plaintiff with maintenance services;

f.  Moved plaintiff from room-to-room within the hotel without cause;

g.  Evicted the plaintiff from her room without cause or justification;

h.  Otherwise prevented the plaintiff from making and enforcing a contract under which she had certain rights.

92. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of her constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, JULLISSA CLARKE, demands judgment against HOMETOWNE STUDIOS, LLC for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

**COUNT XVI**
*Jullissa Clarke v. HOMETOWNE STUDIOS*
Violation of Section 1985

93. The plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 93.

94. At the aforementioned place and time, HOMETOWNE STUDIOS, LLC, individually and/or by and through its agents, employees, and/or servants, conspired with co-defendants, DW CROSSLAND OWNERS, LLC, WESTMONT HOSPITALITY GROUP, RED ROOF FRANCHISING, LLC, and ESSENCE McCAULEY, for the purpose of depriving the plaintiff of her constitutional protected rights to make and enforce contracts because of her race and ethnicity.

95. At the aforementioned place and time, HOMETOWNE STUDIOS, LLC, individually and/or by and through its agents, employees, and/or servants, committed the following acts or omissions in furtherance of said conspiracy:

    a.  Harassed the plaintiff by calling her derogatory terms;

    b.  Refused plaintiff access to her mail and deliveries;

    c.  Threatened to evict the plaintiff from her respective hotel rooms without cause or justifications;

    d.  Refused to clean plaintiff's respective hotel rooms;

    e.  Refused to provide plaintiff with maintenance services;

    f.  Moved plaintiff from room-to-room within the hotel without cause;

    g.  Evicted the plaintiff from her room without cause or justification;

    h.  Otherwise prevented the plaintiff from making and enforcing a contract under which she had certain rights.

96. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of her constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, JULLISSA CLARKE, demands judgment against HOMETOWNE STUDIOS, LLC for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

## COUNT XVII
*Jullissa Clarke v. RED ROOF FRANCHISING, LLC*
Violation of Section 1981

97. Plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 97.

98. At the aforementioned time and place, RED ROOF FRANCHISING, LLC individually and/or by and through its agents, employees, and/or servants, intentionally discriminated against the plaintiff because of her race/skin color and Jamaican ethnicity.

99. At the aforementioned time and place, RED ROOF FRANCHISING, LLC, individually and/or by and through its agents, employees, and/or servants had a duty under 42 U.S.C. §1981 to refrain from discriminating against the plaintiff based on her race and ethnicity, and denying the plaintiff's right to make and enforce contracts because of her race and/or ethnicity.

100. At the aforementioned time and place, RED ROOF FRANCHISING, LLC, individually and/or by and through its agents, employees, and/or servants wrongfully and intentionally prevented the plaintiff from enjoying any of the benefits for which she contracted through one or more of the following acts and/or omissions:

    a.  Harassed the plaintiff by calling her derogatory terms;

    b.  Refused plaintiff access to her mail and deliveries;

    c.  Threatened to evict the plaintiff from her respective hotel rooms without cause or justifications;

    d.  Refused to clean plaintiff's respective hotel rooms;

    e.  Refused to provide plaintiff with maintenance services;

    f.  Moved plaintiff from room-to-room within the hotel without cause;

g. Evicted the plaintiff from her room without cause or justification;

h. Otherwise prevented the plaintiff from making and enforcing a contract under which she had certain rights.

101. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of her constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, JULLISSA CLARKE, demands judgment against RED ROOF FRANCHISING, LLC for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

## COUNT XVIII
*Jullissa Clarke v. RED ROOF FRANCHISING, LLC*
Violation of Section 1985

102. The plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 102.

103. At the aforementioned place and time, RED ROOF FRANCHISING, LLC, individually and/or by and through its agents, employees, and/or servants, conspired with co-defendants, DW CROSSLANDS OWNER, LLC, WESTMONT HOSPITATLIY GROUP, HOMETOWNE STUDIOS, LLC and ESSENCE McCAULEY, for the purpose of depriving the plaintiff of her constitutional protected rights to make and enforce contracts because of her race and ethnicity.

104. At the aforementioned place and time, RED ROOF FRANCHISING, LLC, individually and/or by and through its agents, employees, and/or servants, committed the following acts or omissions in furtherance of said conspiracy:

a.  Harassed the plaintiff by calling her derogatory terms;

b.  Refused plaintiff access to her mail and deliveries;

c.  Threatened to evict the plaintiff from her respective hotel rooms without cause or justifications;

d.  Refused to clean plaintiff's respective hotel rooms;

e.  Refused to provide plaintiff with maintenance services;

f.  Moved plaintiff from room-to-room within the hotel without cause;

g.  Evicted the plaintiff from her room without cause or justification;

h.  Otherwise prevented the plaintiff from making and enforcing a contract under which she had certain rights.

105. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of her constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, JULLISSA CLARKE, demands judgment against RED ROOF FRANCHISING, LLC for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just

**COUNT XIX**
*Jullissa Clarke v. ESSENCE McCAULEY*
Violation of Section 1981

106. Plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 106.

107. At the aforementioned time and place, ESSENCE McCAULEY, individually and/or as agent, employee, and/or servant of defendants, WESTMONT HOSPITALITY GROUP and/or DW CROSSLAND OWNER, LLC and/or RED ROOF FRANCHISING LLC and/or HOMETOWNE STUDIOS, LLC, intentionally discriminated against the plaintiff because of her race/skin color and Jamaican ethnicity.

108. At the aforementioned time and place, ESSENCE McCAULEY, individually and/or as agent, employee, and/or servant of defendants, WESTMONT HOSPITALITY GROUP and/or DW CROSSLAND OWNER, LLC and/or RED ROOF FRANCHISING LLC and/or HOMETOWNE STUDIOS, LLC, had a duty under 42 U.S.C. §1981 to refrain from discriminating against the plaintiff based on her race and ethnicity, and denying the plaintiff's right to make and enforce contracts because of her race and/or ethnicity.

109. At the aforementioned time and place, ESSENCE McCAULEY, individually and/or as agent, employee, and/or servant of defendants, WESTMONT HOSPITALITY GROUP and/or DW CROSSLAND OWNER, LLC and/or RED ROOF FRANCHISING LLC and/or HOMETOWNE STUDIOS, LLC, wrongfully and intentionally prevented the plaintiff from enjoying any of the benefits for which she contracted through one or more of the following acts and/or omissions:

    a.  Harassed the plaintiff by calling her derogatory terms;

b.  Refused plaintiff access to her mail and deliveries;

c.  Threatened to evict the plaintiff from her respective hotel rooms without cause or justifications;

d.  Refused to clean plaintiff's respective hotel rooms;

e.  Refused to provide plaintiff with maintenance services;

f.  Moved plaintiff from room-to-room within the hotel without cause;

g.  Evicted the plaintiff from her room without cause or justification;

h.  Otherwise prevented the plaintiff from making and enforcing a contract under which she had certain rights.

110. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of her constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, JULLISSA CLARKE, demands judgment against ESSENCE McCAULEY for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

## COUNT XX
*Jullissa Clarke v. ESSENCE McCAULEY*
Violation of Section 1985

111. The plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 111.

112. At the aforementioned place and time, ESSENCE McCAULEY, individually and/or as agent, employee, and/or servant of defendants, WESTMONT HOSPITALITY GROUP and/or DW CROSSLAND OWNER, LLC and/or RED

ROOF FRANCHISING LLC and/or HOMETOWNE STUDIOS, LLC conspired with co-defendants, WESTMONT HOSPITALITY GROUP and/or DW CROSSLAND OWNER, LLC and/or RED ROOF FRANCHISING LLC and/or HOMETOWNE STUDIOS, LLC, for the purpose of depriving the plaintiff of her constitutional protected rights to make and enforce contracts because of her race and ethnicity.

113. At the aforementioned place and time, ESSENCE McCAULEY, individually and/or as agent, employee, and/or servant of defendants, WESTMONT HOSPITALITY GROUP and/or DW CROSSLAND OWNER, LLC and/or RED ROOF FRANCHISING LLC and/or HOMETOWNE STUDIOS, LLC, committed the following acts or omissions in furtherance of said conspiracy:

    a.  Harassed the plaintiff by calling her derogatory terms;

    b.  Refused plaintiff access to her mail and deliveries;

    c.  Threatened to evict the plaintiff from her respective hotel rooms without cause or justifications;

    d.  Refused to clean plaintiff's respective hotel rooms;

    e.  Refused to provide plaintiff with maintenance services;

    f.  Moved plaintiff from room-to-room within the hotel without cause;

    g.  Evicted the plaintiff from her room without cause or justification;

    h.  Otherwise prevented the plaintiff from making and enforcing a contract under which she had certain rights.

114. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of her constitutional rights and

privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, JULLISSA CLARKE, demands judgment against ESSENCE McCAULEY, for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

## COUNT XXI
*Keith Gray vs. WESTMONT HOSPITALITY GROUP*
*Violation of Section 1981*

115. Plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 115.

116. At the aforementioned time and place, WESTMONT HOSPITALITY GROUP, individually and/or by and through its agents, employees, and/or servants, intentionally discriminated against the plaintiff because of his race/skin color.

117. At the aforementioned time and place, WESTMONT HOSPITALITY GROUP, individually and/or by and through its agents, employees, and/or servants had a duty under 42 U.S.C. §1981 to refrain from discriminating against the plaintiff based on his race and ethnicity, and denying the plaintiff's right to make and enforce contracts because of his race and/or ethnicity.

118. At the aforementioned time and place, WESTMONT HOSPITALITY GROUP, individually and/or by and through its agents, employees, and/or servants wrongfully and intentionally prevented the plaintiff from enjoying any of the benefits for which he contracted through one or more of the following acts and/or omissions:

a. Harassed the plaintiff by calling him derogatory terms;

b. Refused plaintiff access to his mail and deliveries;

c. Threatened to evict the plaintiff from his respective hotel rooms without cause or justifications;

d. Refused to clean plaintiff's respective hotel rooms;

e. Refused to provide plaintiff with maintenance services;

f. Moved plaintiff from room-to-room within the hotel without cause;

g. Evicted the plaintiff from his room without cause or justification;

h. Otherwise prevented the plaintiff from making and enforcing a contract under which he had certain rights.

119. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of his constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, KEITH GRAY, demands judgment against WESTMONT HOSPITALITY GROUP for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

**COUNT XXII**
*Keith Gray v. WESTMONT HOSPITALITY GROUP*
Violation of Section 1985

120. The plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 120.

121. At the aforementioned place and time, WESTMONT HOSPITALITY GROUP, individually and/or by and through its agents, employees, and/or servants,

conspired with co-defendants, DW CROSSLAND OWNERS, LLC, HOMETOWNE STUDIOS, LLC, RED ROOF FRANCHISING, LLC and ESSENCE McCAULEY, for the purpose of depriving the plaintiff of his constitutional protected rights to make and enforce contracts because of his race and ethnicity.

122. At the aforementioned place and time, WESTMONT HOSPITALITY GROUP, individually and/or by and through its agents, employees, and/or servants, committed the following acts or omissions in furtherance of said conspiracy:

    a. Harassed the plaintiff by calling him derogatory terms;

    b. Refused plaintiff access to his mail and deliveries;

    c. Threatened to evict the plaintiff from his respective hotel rooms without cause or justifications;

    d. Refused to clean plaintiff's respective hotel rooms;

    e. Refused to provide plaintiff with maintenance services;

    f. Moved plaintiff from room-to-room within the hotel without cause;

    g. Evicted the plaintiff from his room without cause or justification;

    h. Otherwise prevented the plaintiff from making and enforcing a contract under which he had certain rights.

123. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of his constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, KEITH GRAY, demands judgment against WESTMONT HOSPITALITY GROUP for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

**COUNT XXIII**
*Keith Gray v. DW CROSSLANDS OWNER, LLC*
Violation of Section 1981

124. Plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 124.

125. At the aforementioned time and place, DW CROSSLANDS OWNER, LLC, individually and/or by and through its agents, employees, and/or servants, intentionally discriminated against the plaintiff because of his race/skin color.

126. At the aforementioned time and place, DW CROSSLANDS OWNER, LLC, individually and/or by and through its agents, employees, and/or servants had a duty under 42 U.S.C. §1981 to refrain from discriminating against the plaintiff based on his race and ethnicity, and denying the plaintiff's right to make and enforce contracts because of his race and/or ethnicity.

127. At the aforementioned time and place, DW CROSSLANDS OWNER, LLC, individually and/or by and through its agents, employees, and/or servants wrongfully and intentionally prevented the plaintiff from enjoying any of the benefits for which he contracted through one or more of the following acts and/or omissions:

    a.  Harassing the plaintiffs by calling them derogatory terms;

    b.  Refusing plaintiffs access to their mail and deliveries;

c. Threatening to evict the plaintiffs from their respective hotel rooms without cause or justifications;

d. Refusing to clean plaintiff's respective hotel rooms;

e. Refusing to provide plaintiffs with maintenance services;

f. Moving plaintiffs from room-to-room within the hotel without cause;

g. Evicting the plaintiffs from their rooms without cause or justification;

h. Otherwise preventing the plaintiffs from making and enforcing a contract under which they had certain rights.

128. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of his constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, KEITH GRAY, demands judgment against DW CROSSLANDS OWNER, LLC for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

**COUNT XXIV**
*Keith Gray v. DW CROSSLANDS OWNER, LLC*
Violation of Section 1985

129. The plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 129.

130. At the aforementioned place and time, DW CROSSLANDS OWNER, LLC, individually and/or by and through its agents, employees, and/or servants, conspired with co-defendants, WESTMONT HOSPITATLIY GROUP, HOMETOWNE STUDIOS, LLC, RED ROOF FRANCHISING, LLC and ESSENCE

McCAULEY, for the purpose of depriving the plaintiff of his constitutional protected rights to make and enforce contracts because of his race and ethnicity.

131. At the aforementioned place and time, DW CROSSLANDS OWNER, LLC, individually and/or by and through its agents, employees, and/or servants, committed the following acts or omissions in furtherance of said conspiracy:

    a.  Harassed the plaintiff by calling him derogatory terms;

    b.  Refused plaintiff access to his mail and deliveries;

    c.  Threatened to evict the plaintiff from his respective hotel rooms without cause or justifications;

    d.  Refused to clean plaintiff's respective hotel rooms;

    e.  Refused to provide plaintiff with maintenance services;

    f.  Moved plaintiff from room-to-room within the hotel without cause;

    g.  Evicted the plaintiff from his room without cause or justification;

    h.  Otherwise prevented the plaintiff from making and enforcing a contract under which he had certain rights.

132. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of his constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, KEITH GRAY, demands judgment against DW CROSSLANDS OWNER, LLC for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

## COUNT XXV
*Keith Gray vs. HOMETOWNE STUDIOS*

*Violation of Section 1981*

133. Plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 133.

134. At the aforementioned time and place, HOMETOWNE STUDIOS, LLC, individually and/or by and through its agents, employees, and/or servants, intentionally discriminated against the plaintiff because of her Jamaican ethnicity.

135. At the aforementioned time and place, HOMETOWNE STUDIOS, LLC, individually and/or by and through its agents, employees, and/or servants had a duty under 42 U.S.C. §1981 to refrain from discriminating against the plaintiff based on her race and ethnicity, and denying the plaintiff's right to make and enforce contracts because of his race and/or ethnicity.

136. At the aforementioned time and place, HOMETOWNE STUDIOS LLC, individually and/or by and through its agents, employees, and/or servants wrongfully and intentionally prevented the plaintiff from enjoying any of the benefits for which he contracted through one or more of the following acts and/or omissions:

    a. Harassed the plaintiff by calling him derogatory terms;

    b. Refused plaintiff access to his mail and deliveries;

    c. Threatened to evict the plaintiff from his respective hotel rooms without cause or justifications;

    d. Refused to clean plaintiff's respective hotel rooms;

    e. Refused to provide plaintiff with maintenance services;

    f. Moved plaintiff from room-to-room within the hotel without cause;

g.  Evicted the plaintiff from his room without cause or justification;

h.  Otherwise prevented the plaintiff from making and enforcing a contract under which he had certain rights.

137. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of his constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, KEITH GRAY, demands judgment against HOMETOWNE STUDIOS, LLC for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

## COUNT XXVI
*Keith Gray v. HOMETOWNE STUDIOS, LLC*
Violation of Section 1985

138. The plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 138.

139. At the aforementioned place and time, HOMETOWNE STUDIOS LLC, individually and/or by and through its agents, employees, and/or servants, conspired with co-defendants, DW CROSSLAND OWNERS, LLC, WESTMONT HOSPITALITY GROUP, RED ROOF FRANCHISING, LLC and ESSENCE McCAULEY, for the purpose of depriving the plaintiff of his constitutional protected rights to make and enforce contracts because of his race and ethnicity.

140. At the aforementioned place and time, HOMETOWNE STUDIOS LLC, individually and/or by and through its agents, employees, and/or servants, committed the following acts or omissions in furtherance of said conspiracy:

a.  Harassed the plaintiff by calling him derogatory terms;

b.  Refused plaintiff access to his mail and deliveries;

c.  Threatened to evict the plaintiff from his respective hotel rooms without cause or justifications;

d.  Refused to clean plaintiff's respective hotel rooms;

e.  Refused to provide plaintiff with maintenance services;

f.  Moved plaintiff from room-to-room within the hotel without cause;

g.  Evicted the plaintiff from his room without cause or justification;

h.  Otherwise prevented the plaintiff from making and enforcing a contract under which he had certain rights.

141. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of his constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, KEITH GRAY, demands judgment against HOMETOWNE STUDIOS, LLC for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

**COUNT XXVI**
*Keith Gray vs. RED ROOF FRANCHISING*
*Violation of Section 1981*

142. Plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 142.

143. At the aforementioned time and place, RED ROOF FRACHISING, LLC, individually and/or by and through its agents, employees, and/or servants, intentionally discriminated against the plaintiff because of his Jamaican ethnicity.

144. At the aforementioned time and place, RED ROOF FRACHISING, LLC, individually and/or by and through its agents, employees, and/or servants had a duty under 42 U.S.C. §1981 to refrain from discriminating against the plaintiff based on his race and ethnicity, and denying the plaintiff's right to make and enforce contracts because of his race and/or ethnicity.

145. At the aforementioned time and place, RED ROOF FRACHISING, individually and/or by and through its agents, employees, and/or servants wrongfully and intentionally prevented the plaintiff from enjoying any of the benefits for which he contracted through one or more of the following acts and/or omissions:

    a.  Harassed the plaintiff by calling him derogatory terms;

    b.  Refused plaintiff access to his mail and deliveries;

    c.  Threatened to evict the plaintiff from his respective hotel rooms without cause or justifications;

    d.  Refused to clean plaintiff's respective hotel rooms;

    e.  Refused to provide plaintiff with maintenance services;

    f.  Moved plaintiff from room-to-room within the hotel without cause;

    g.  Evicted the plaintiff from his room without cause or justification;

h. Otherwise prevented the plaintiff from making and enforcing a contract under which he had certain rights.

146. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of his constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, KEITH GRAY, demands judgment against RED ROOF FRACHISING, LLC for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

## COUNT XXVII
*Keith Gray v. RED ROOF FRACHISING*
Violation of Section 1985

147. The plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 147.

148. At the aforementioned place and time, RED ROOF FRACHISING, LLC, individually and/or by and through its agents, employees, and/or servants, conspired with co-defendants, DW CROSSLAND OWNERS, LLC, WESTMONT HOSPITALITY GROUP, HOMETOWNE STUDIOS, LLC and ESSENCE McCAULEY, for the purpose of depriving the plaintiff of his constitutional protected rights to make and enforce contracts because of his race and ethnicity.

149. At the aforementioned place and time, RED ROOF FRACHISING LLC, individually and/or by and through its agents, employees, and/or servants, committed the following acts or omissions in furtherance of said conspiracy:

a. Harassed the plaintiff by calling him derogatory terms;

b. Refused plaintiff access to his mail and deliveries;

c. Threatened to evict the plaintiff from his respective hotel rooms without cause or justifications;

d. Refused to clean plaintiff's respective hotel rooms;

e. Refused to provide plaintiff with maintenance services;

f. Moved plaintiff from room-to-room within the hotel without cause;

g. Evicted the plaintiff from his room without cause or justification;

h. Otherwise prevented the plaintiff from making and enforcing a contract under which he had certain rights.

150. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of his constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, KEITH GRAY, demands judgment against RED ROOF FRACHISING, LLC for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

**COUNT XXVIII**
*Keith Gray v. ESSENCE McCAULEY*
Violation of Section 1981

151. Plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 151.

152. At the aforementioned time and place, ESSENCE McCAULEY, individually and/or as agent, employee, and/or servant of defendants, WESTMONT

HOSPITALITY GROUP and/or DW CROSSLAND OWNER, LLC and/or

HOMETOWNE STUDIOS, LLC, and/or RED ROOF FRANCHISING, LLC,

intentionally discriminated against the plaintiff because of his race/skin color.

153. At the aforementioned time and place, ESSENCE McCAULEY, individually

and/or as agent, employee, and/or servant of defendants, WESTMONT

HOSPITALITY GROUP and/or DW CROSSLAND OWNER, LLC and/or

HOMETOWNE STUDIOS, LLC, and/or RED ROOF FRANCHISING, LLC, had a

duty under 42 U.S.C. §1981 to refrain from discriminating against the plaintiff

based on his race and ethnicity, and denying the plaintiff's right to make and

enforce contracts because of his race and/or ethnicity.

154. At the aforementioned time and place, ESSENCE McCAULEY, individually

and/or as agent, employee, and/or servant of defendants, WESTMONT

HOSPITALITY GROUP and/or DW CROSSLAND OWNER, LLC and/or

HOMETOWNE STUDIOS, LLC, and/or RED ROOF FRANCHISING, LLC,

wrongfully and intentionally prevented the plaintiff from enjoying any of the

benefits for which he contracted through one or more of the following acts and/or

omissions:

a. Harassed the plaintiff by calling him derogatory terms;

b. Refused plaintiff access to his mail and deliveries;

c. Threatened to evict the plaintiff from his respective hotel rooms
   without cause or justifications;

d. Refused to clean plaintiff's respective hotel rooms;

e. Refused to provide plaintiff with maintenance services;

    f.   Moved plaintiff from room-to-room within the hotel without cause;

    g.   Evicted the plaintiff from his room without cause or justification;

    h.   Otherwise prevented the plaintiff from making and enforcing a contract under which he had certain rights.

155. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of his constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, KEITH GRAY, demands judgment against ESSENCE McCAULEY for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

**COUNT XXIX**
*Keith Gray v. ESSENCE McCAULEY*
Violation of Section 1985

156. The plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 156.

157. At the aforementioned place and time, ESSENCE McCAULEY, individually and/or as agent, employee, and/or servant of defendants, WESTMONT HOSPITALITY GROUP and/or DW CROSSLAND OWNER, LLC and/or HOMETOWNE STUDIOS, LLC, and/or RED ROOF FRANCHISING, LLC conspired with co-defendants, WESTMONT HOSPITALITY GROUP and/or DW CROSSLAND OWNER, LLC and/or HOMETOWNE STUDIOS, LLC, and/or RED ROOF FRANCHISING, LLC, for the purpose of depriving the plaintiff of his

constitutional protected rights to make and enforce contracts because of his race and ethnicity.

158. At the aforementioned place and time, ESSENCE McCAULEY, individually and/or as agent, employee, and/or servant of defendants, WESTMONT HOSPITALITY GROUP and/or DW CROSSLAND OWNER, LLC and/or HOMETOWNE STUDIOS, LLC, and/or RED ROOF FRANCHISING, LLC, committed the following acts or omissions in furtherance of said conspiracy:

      a. Harassed the plaintiff by calling him derogatory terms;

      b. Refused plaintiff access to his mail and deliveries;

      c. Threatened to evict the plaintiff from his respective hotel rooms without cause or justifications;

      d. Refused to clean plaintiff's respective hotel rooms;

      e. Refused to provide plaintiff with maintenance services;

      f. Moved plaintiff from room-to-room within the hotel without cause;

      g. Evicted the plaintiff from his room without cause or justification;

      h. Otherwise prevented the plaintiff from making and enforcing a contract under which he had certain rights.

159. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of his constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, KEITH GRAY, demands judgment against ESSENCE McCAULEY, for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

## COUNT XXX
*Tameka Maitland vs. WESTMONT HOSPITALITY GROUP*
*Violation of Section 1981*

160. Plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 160.

161. At the aforementioned time and place, WESTMONT HOSPITALITY GROUP, individually and/or by and through its agents, employees, and/or servants, intentionally discriminated against the plaintiff because of her race/skin color and Jamaican ethnicity.

162. At the aforementioned time and place, WESTMONT HOSPITALITY GROUP, individually and/or by and through its agents, employees, and/or servants had a duty under 42 U.S.C. §1981 to refrain from discriminating against the plaintiff based on her race and ethnicity, and denying the plaintiff's right to make and enforce contracts because of her race and/or ethnicity.

163. At the aforementioned time and place, WESTMONT HOSPITALITY GROUP, individually and/or by and through its agents, employees, and/or servants wrongfully and intentionally prevented the plaintiff from enjoying any of the benefits for which she contracted through one or more of the following acts and/or omissions:

    a. Harassed the plaintiff by calling her derogatory terms;

b. Refused plaintiff access to her mail and deliveries;

c. Threatened to evict the plaintiff from her respective hotel rooms without cause or justifications;

d. Refused to clean plaintiff's respective hotel rooms;

e. Refused to provide plaintiff with maintenance services;

f. Moved plaintiff from room-to-room within the hotel without cause;

g. Evicted the plaintiff from her room without cause or justification;

h. Otherwise prevented the plaintiff from making and enforcing a contract under which she had certain rights.

164. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of her constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, TAMEKA MAITLAND, demands judgment against WESTMONT HOSPITALITY GROUP for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

## COUNT XXXI
*Tameka Maitland v. WESTMONT HOSPITALITY GROUP*
Violation of Section 1985

165. The plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 165.

166. At the aforementioned place and time, WESTMONT HOSPITALITY GROUP, individually and/or by and through its agents, employees, and/or servants, conspired with co-defendants, DW CROSSLAND OWNERS, LLC, HOMETOWNE

STUDIOS, LLC, RED ROOF FRANCHISING, LLC and ESSENCE McCAULEY, for the purpose of depriving the plaintiff of her constitutional protected rights to make and enforce contracts because of her race and ethnicity.

167. At the aforementioned place and time, WESTMONT HOSPITALITY GROUP, individually and/or by and through its agents, employees, and/or servants, committed the following acts or omissions in furtherance of said conspiracy:

   a.  Harassed the plaintiff by calling her derogatory terms;

   b.  Refused plaintiff access to her mail and deliveries;

   c.  Threatened to evict the plaintiff from her respective hotel rooms without cause or justifications;

   d.  Refused to clean plaintiff's respective hotel rooms;

   e.  Refused to provide plaintiff with maintenance services;

   f.  Moved plaintiff from room-to-room within the hotel without cause;

   g.  Evicted the plaintiff from her room without cause or justification;

   h.  Otherwise prevented the plaintiff from making and enforcing a contract under which she had certain rights.

168. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of her constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, TAMEKA MAITLAND, demands judgment against WESTMONT HOSPITALITY GROUP for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

*Tameka Maitland v. DW CROSSLANDS OWNER, LLC*
Violation of Section 1981

169. Plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 169.

170. At the aforementioned time and place, DW CROSSLANDS OWNER, LLC, individually and/or by and through its agents, employees, and/or servants, intentionally discriminated against the plaintiff because of her race/skin color and Jamaican ethnicity.

171. At the aforementioned time and place, DW CROSSLANDS OWNER, LLC, individually and/or by and through its agents, employees, and/or servants had a duty under 42 U.S.C. §1981 to refrain from discriminating against the plaintiff based on her race and ethnicity, and denying the plaintiff's right to make and enforce contracts because of her race and/or ethnicity.

172. At the aforementioned time and place, DW CROSSLANDS OWNER, LLC, individually and/or by and through its agents, employees, and/or servants wrongfully and intentionally prevented the plaintiff from enjoying any of the benefits for which she contracted through one or more of the following acts and/or omissions:

    a. Harassed the plaintiff by calling her derogatory terms;

    b. Refused plaintiff access to her mail and deliveries;

    c. Threatened to evict the plaintiff from her respective hotel rooms without cause or justifications;

    d. Refused to clean plaintiff's respective hotel rooms;

e. Refused to provide plaintiff with maintenance services;

f. Moved plaintiff from room-to-room within the hotel without cause;

g. Evicted the plaintiff from her room without cause or justification;

h. Otherwise prevented the plaintiff from making and enforcing a contract under which she had certain rights.

173. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of her constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, TAMEKA MAITLAND, demands judgment against *DW CROSSLANDS OWNER, LLC* for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

## COUNT XXXIII
*Tameka Maitland v. DW CROSSLANDS OWNER, LLC*
Violation of Section 1985

174. The plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 174.

175. At the aforementioned place and time, DW CROSSLANDS OWNER, LLC, individually and/or by and through its agents, employees, and/or servants, conspired with co-defendants, WESTMONT HOSPITATLIY GROUP, HOMETOWNE STUDIOS, LLC, RED ROOF FRANCHISING, LLC and ESSENCE McCAULEY, for the purpose of depriving the plaintiff of her constitutional protected rights to make and enforce contracts because of her race and ethnicity.

176. At the aforementioned place and time, DW CROSSLANDS OWNER, LLC, individually and/or by and through its agents, employees, and/or servants, committed the following acts or omissions in furtherance of said conspiracy:

    a.  Harassed the plaintiff by calling her derogatory terms;

    b.  Refused plaintiff access to her mail and deliveries;

    c.  Threatened to evict the plaintiff from her respective hotel rooms without cause or justifications;

    d.  Refused to clean plaintiff's respective hotel rooms;

    e.  Refused to provide plaintiff with maintenance services;

    f.  Moved plaintiff from room-to-room within the hotel without cause;

    g.  Evicted the plaintiff from her room without cause or justification;

    h.  Otherwise prevented the plaintiff from making and enforcing a contract under which she had certain rights.

177. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of her constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, TAMEKA MAITLAND, demands judgment against DW CROSSLANDS OWNER, LLC for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

**COUNT XXXIV**
*Tameka Maitland vs. HOMETOWNE STUDIOS*
*Violation of Section 1981*

178. Plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 178.

179. At the aforementioned time and place, HOMETOWNE STUDIOS, LLC, individually and/or by and through its agents, employees, and/or servants, intentionally discriminated against the plaintiff because of her race/skin color and Jamaican ethnicity.

180. At the aforementioned time and place, HOMETOWNE STUDIOS, LLC, individually and/or by and through its agents, employees, and/or servants had a duty under 42 U.S.C. §1981 to refrain from discriminating against the plaintiff based on her race and ethnicity, and denying the plaintiff's right to make and enforce contracts because of her race and/or ethnicity.

181. At the aforementioned time and place, HOMETOWNE STUDIOS, LLC, individually and/or by and through its agents, employees, and/or servants wrongfully and intentionally prevented the plaintiff from enjoying any of the benefits for which she contracted through one or more of the following acts and/or omissions:

    a. Harassed the plaintiff by calling her derogatory terms;

    b. Refused plaintiff access to her mail and deliveries;

    c. Threatened to evict the plaintiff from her respective hotel rooms without cause or justifications;

    d. Refused to clean plaintiff's respective hotel rooms;

    e. Refused to provide plaintiff with maintenance services;

    f. Moved plaintiff from room-to-room within the hotel without cause;

g. Evicted the plaintiff from her room without cause or justification;

h. Otherwise prevented the plaintiff from making and enforcing a contract under which she had certain rights.

182. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of her constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, TAMEKA MAITLAND, demands judgment against HOMETOWNE STUDIOS, LLC for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

## COUNT XXXV
*Tameka Maitland v. HOMETOWNE STUDIOS*
Violation of Section 1985

183. The plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 183.

184. At the aforementioned place and time, HOMETOWNE STUDIOS, LLC, individually and/or by and through its agents, employees, and/or servants, conspired with co-defendants, DW CROSSLAND OWNERS, LLC, WESTMONT HOSPITALITY GROUP, RED ROOF FRANCHISING, LLC, and ESSENCE McCAULEY, for the purpose of depriving the plaintiff of her constitutional protected rights to make and enforce contracts because of her race and ethnicity.

185. At the aforementioned place and time, HOMETOWNE STUDIOS, LLC, individually and/or by and through its agents, employees, and/or servants, committed the following acts or omissions in furtherance of said conspiracy:

    a.  Harassed the plaintiff by calling her derogatory terms;

    b.  Refused plaintiff access to her mail and deliveries;

    c.  Threatened to evict the plaintiff from her respective hotel rooms without cause or justifications;

    d.  Refused to clean plaintiff's respective hotel rooms;

    e.  Refused to provide plaintiff with maintenance services;

    f.  Moved plaintiff from room-to-room within the hotel without cause;

    g.  Evicted the plaintiff from her room without cause or justification;

    h.  Otherwise prevented the plaintiff from making and enforcing a contract under which she had certain rights.

186. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of her constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, TAMEKA MAITLAND, demands judgment against HOMETOWNE STUDIOS, LLC for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

**COUNT XXXVI**
*Tameka Maitland v. RED ROOF FRANCHISING, LLC*
Violation of Section 1981

187. Plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 187.

188. At the aforementioned time and place, RED ROOF FRANCHISING, LLC individually and/or by and through its agents, employees, and/or servants, intentionally discriminated against the plaintiff because of her race/skin color and Jamaican ethnicity.

189. At the aforementioned time and place, RED ROOF FRANCHISING, LLC, individually and/or by and through its agents, employees, and/or servants had a duty under 42 U.S.C. §1981 to refrain from discriminating against the plaintiff based on her race and ethnicity, and denying the plaintiff's right to make and enforce contracts because of her race and/or ethnicity.

190. At the aforementioned time and place, RED ROOF FRANCHISING, LLC, individually and/or by and through its agents, employees, and/or servants wrongfully and intentionally prevented the plaintiff from enjoying any of the benefits for which she contracted through one or more of the following acts and/or omissions:

     a. Harassed the plaintiff by calling her derogatory terms;

     b. Refused plaintiff access to her mail and deliveries;

     c. Threatened to evict the plaintiff from her respective hotel rooms without cause or justifications;

     d. Refused to clean plaintiff's respective hotel rooms;

     e. Refused to provide plaintiff with maintenance services;

     f. Moved plaintiff from room-to-room within the hotel without cause;

g. Evicted the plaintiff from her room without cause or justification;

h. Otherwise prevented the plaintiff from making and enforcing a contract under which she had certain rights.

191. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of her constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, TAMEKA MAITLAND, demands judgment against RED ROOF FRANCHISING, LLC for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

## COUNT XXXVII
*Tameka Maitland v. RED ROOF FRANCHISING, LLC*
Violation of Section 1985

192. The plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 192.

193. At the aforementioned place and time, RED ROOF FRANCHISING, LLC, individually and/or by and through its agents, employees, and/or servants, conspired with co-defendants, DW CROSSLANDS OWNER, LLC, WESTMONT HOSPITATLIY GROUP, HOMETOWNE STUDIOS, LLC and ESSENCE McCAULEY, for the purpose of depriving the plaintiff of her constitutional protected rights to make and enforce contracts because of her race and ethnicity.

194. At the aforementioned place and time, RED ROOF FRANCHISING, LLC, individually and/or by and through its agents, employees, and/or servants, committed the following acts or omissions in furtherance of said conspiracy:

    a.  Harassed the plaintiff by calling her derogatory terms;

    b.  Refused plaintiff access to her mail and deliveries;

    c.  Threatened to evict the plaintiff from her respective hotel rooms without cause or justifications;

    d.  Refused to clean plaintiff's respective hotel rooms;

    e.  Refused to provide plaintiff with maintenance services;

    f.  Moved plaintiff from room-to-room within the hotel without cause;

    g.  Evicted the plaintiff from her room without cause or justification;

    h.  Otherwise prevented the plaintiff from making and enforcing a contract under which she had certain rights.

195. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of her constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, TAMEKA MAITLAND, demands judgment against RED ROOF FRANCHISING, LLC for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just

**COUNT XXXVIII**
*Tameka Maitland v. ESSENCE McCAULEY*
Violation of Section 1981

196. Plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 196.

197. At the aforementioned time and place, ESSENCE McCAULEY, individually and/or as agent, employee, and/or servant of defendants, WESTMONT HOSPITALITY GROUP and/or DW CROSSLAND OWNER, LLC and/or HOMETOWNE STUDIOS, LLC and/or RED ROOF FRANCHISING, LLC, intentionally discriminated against the plaintiff because of her race/skin color and Jamaican ethnicity.

198. At the aforementioned time and place, ESSENCE McCAULEY, individually and/or as agent, employee, and/or servant of defendants, WESTMONT HOSPITALITY GROUP and/or DW CROSSLAND OWNER, LLC and/or HOMETOWNE STUDIOS, LLC and/or RED ROOF FRANCHISING, LLC, had a duty under 42 U.S.C. §1981 to refrain from discriminating against the plaintiff based on her race and ethnicity, and denying the plaintiff's right to make and enforce contracts because of her race and/or ethnicity.

199. At the aforementioned time and place, ESSENCE McCAULEY, individually and/or as agent, employee, and/or servant of defendants, WESTMONT HOSPITALITY GROUP and/or DW CROSSLAND OWNER, LLC and/or HOMETOWNE STUDIOS, LLC and/or RED ROOF FRANCHISING, LLC, wrongfully and intentionally prevented the plaintiff from enjoying any of the benefits for which she contracted through one or more of the following acts and/or omissions:

a. Harassed the plaintiff by calling her derogatory terms;

b. Refused plaintiff access to her mail and deliveries;

c. Threatened to evict the plaintiff from her respective hotel rooms without cause or justifications;

d. Refused to clean plaintiff's respective hotel rooms;

e. Refused to provide plaintiff with maintenance services;

f. Moved plaintiff from room-to-room within the hotel without cause;

g. Evicted the plaintiff from her room without cause or justification;

h. Otherwise prevented the plaintiff from making and enforcing a contract under which she had certain rights.

200. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of her constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, Tameka Maitland, demands judgment against ESSENCE McCAULEY for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

**COUNT XXXIX**
*Tameka Maitland v. ESSENCE McCAULEY*
Violation of Section 1985

201. The plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 201.

202. At the aforementioned place and time, ESSENCE McCAULEY, individually and/or as agent, employee, and/or servant of defendants, WESTMONT

HOSPITALITY GROUP and/or DW CROSSLAND OWNER, LLC and/or HOMETOWNE STUDIOS, LLC and/or RED ROOF FRANCHISING, LLC conspired with co-defendants, WESTMONT HOSPITALITY GROUP and/or DW CROSSLAND OWNER, LLC and/or HOMETOWNE STUDIOS, LLC and/or RED ROOF FRANCHISING, LLC, for the purpose of depriving the plaintiff of her constitutional protected rights to make and enforce contracts because of her race and ethnicity.

203. At the aforementioned place and time, ESSENCE McCAULEY, individually and/or as agent, employee, and/or servant of defendants, WESTMONT HOSPITALITY GROUP and/or DW CROSSLAND OWNER, LLC and/or HOMETOWNE STUDIOS, LLC and/or RED ROOF FRANCHISING, LLC, committed the following acts or omissions in furtherance of said conspiracy:

     a. Harassed the plaintiff by calling her derogatory terms;

     b. Refused plaintiff access to her mail and deliveries;

     c. Threatened to evict the plaintiff from her respective hotel rooms without cause or justifications;

     d. Refused to clean plaintiff's respective hotel rooms;

     e. Refused to provide plaintiff with maintenance services;

     f. Moved plaintiff from room-to-room within the hotel without cause;

     g. Evicted the plaintiff from her room without cause or justification;

     h. Otherwise prevented the plaintiff from making and enforcing a contract under which she had certain rights.

204. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of her constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, TAMEKA MAITLAND, demands judgment against ESSENCE McCAULEY, for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

**COUNT XL**
*Melva Miller vs. WESTMONT HOSPITALITY GROUP*
*Violation of Section 1981*

205. Plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 205.

206. At the aforementioned time and place, WESTMONT HOSPITALITY GROUP, individually and/or by and through its agents, employees, and/or servants, intentionally discriminated against the plaintiff because of her race/skin color.

207. At the aforementioned time and place, WESTMONT HOSPITALITY GROUP, individually and/or by and through its agents, employees, and/or servants had a duty under 42 U.S.C. §1981 to refrain from discriminating against the plaintiff based on her race and ethnicity, and denying the plaintiff's right to make and enforce contracts because of her race and/or ethnicity.

208. At the aforementioned time and place, WESTMONT HOSPITALITY GROUP, individually and/or by and through its agents, employees, and/or servants wrongfully and intentionally prevented the plaintiff from enjoying any of the

benefits for which she contracted through one or more of the following acts and/or omissions:

a. Harassed the plaintiff by calling her derogatory terms;

b. Refused plaintiff access to her mail and deliveries;

c. Threatened to evict the plaintiff from her respective hotel rooms without cause or justifications;

d. Refused to clean plaintiff's respective hotel rooms;

e. Refused to provide plaintiff with maintenance services;

f. Moved plaintiff from room-to-room within the hotel without cause;

g. Evicted the plaintiff from her room without cause or justification;

h. Otherwise prevented the plaintiff from making and enforcing a contract under which she had certain rights.

209. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of her constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, MELVA MILLER, demands judgment against WESTMONT HOSPITALITY GROUP for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

## COUNT XLI
*Melva Miller v. WESTMONT HOSPITALITY GROUP*
Violation of Section 1985

210. The plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 210.

211. At the aforementioned place and time, WESTMONT HOSPITALITY GROUP, individually and/or by and through its agents, employees, and/or servants, conspired with co-defendants, DW CROSSLAND OWNERS, LLC, HOMETOWNE STUDIOS, LLC, RED ROOF FRANCHISING, LLC and ESSENCE McCAULEY, for the purpose of depriving the plaintiff of her constitutional protected rights to make and enforce contracts because of her race and ethnicity.

212. At the aforementioned place and time, WESTMONT HOSPITALITY GROUP, individually and/or by and through its agents, employees, and/or servants, committed the following acts or omissions in furtherance of said conspiracy:

  a. Harassed the plaintiff by calling her derogatory terms;

  b. Refused plaintiff access to her mail and deliveries;

  c. Threatened to evict the plaintiff from her respective hotel rooms without cause or justifications;

  d. Refused to clean plaintiff's respective hotel rooms;

  e. Refused to provide plaintiff with maintenance services;

  f. Moved plaintiff from room-to-room within the hotel without cause;

  g. Evicted the plaintiff from her room without cause or justification;

  h. Otherwise prevented the plaintiff from making and enforcing a contract under which she had certain rights.

213. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of her constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, MELVA MILLER, demands judgment against WESTMONT HOSPITALITY GROUP for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

## COUNT XLII
*Melva Miller v. DW CROSSLANDS OWNER, LLC*
Violation of Section 1981

214. Plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 214.

215. At the aforementioned time and place, DW CROSSLANDS OWNER, LLC, individually and/or by and through its agents, employees, and/or servants, intentionally discriminated against the plaintiff because of her race/skin color.

216. At the aforementioned time and place, DW CROSSLANDS OWNER, LLC, individually and/or by and through its agents, employees, and/or servants had a duty under 42 U.S.C. §1981 to refrain from discriminating against the plaintiff based on her race and ethnicity, and denying the plaintiff's right to make and enforce contracts because of her race and/or ethnicity.

217. At the aforementioned time and place, DW CROSSLANDS OWNER, LLC, individually and/or by and through its agents, employees, and/or servants wrongfully and intentionally prevented the plaintiff from enjoying any of the benefits for which she contracted through one or more of the following acts and/or omissions:

    a.  Harassed the plaintiff by calling her derogatory terms;

    b.  Refused plaintiff access to her mail and deliveries;

    c.  Threatened to evict the plaintiff from her respective hotel rooms without cause or justifications;

    d.  Refused to clean plaintiff's respective hotel rooms;

    e.  Refused to provide plaintiff with maintenance services;

    f.  Moved plaintiff from room-to-room within the hotel without cause;

    g.  Evicted the plaintiff from her room without cause or justification;

    h.  Otherwise prevented the plaintiff from making and enforcing a contract under which she had certain rights.

218. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of her constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, MELVA MILLER, demands judgment against DW CROSSLANDS OWNER, LLC for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

**COUNT XLIII**
*Melva Miller v. DW CROSSLANDS OWNER, LLC*
Violation of Section 1985

219. The plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 219.

220. At the aforementioned place and time, DW CROSSLANDS OWNER, LLC, individually and/or by and through its agents, employees, and/or servants, conspired with co-defendants, WESTMONT HOSPITATLIY GROUP, HOMETOWNE STUDIOS, LLC, RED ROOF FRANCHISING, LLC and ESSENCE

McCAULEY, for the purpose of depriving the plaintiff of her constitutional protected rights to make and enforce contracts because of her race and ethnicity.

221. At the aforementioned place and time, DW CROSSLANDS OWNER, LLC, individually and/or by and through its agents, employees, and/or servants, committed the following acts or omissions in furtherance of said conspiracy:

     a.  Harassed the plaintiff by calling her derogatory terms;

     b.  Refused plaintiff access to her mail and deliveries;

     c.  Threatened to evict the plaintiff from her respective hotel rooms without cause or justifications;

     d.  Refused to clean plaintiff's respective hotel rooms;

     e.  Refused to provide plaintiff with maintenance services;

     f.  Moved plaintiff from room-to-room within the hotel without cause;

     g.  Evicted the plaintiff from her room without cause or justification;

     h.  Otherwise prevented the plaintiff from making and enforcing a contract under which she had certain rights.

222. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of her constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, MELVA MILLER, demands judgment against DW CROSSLANDS OWNER, LLC for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

### COUNT XLIV
*Melva Miller vs. HOMETOWNE STUDIOS*

*Violation of Section 1981*

223. Plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 223.

224. At the aforementioned time and place, HOMETOWNE STUDIOS, LLC, individually and/or by and through its agents, employees, and/or servants, intentionally discriminated against the plaintiff because of her race/skin color.

225. At the aforementioned time and place, HOMETOWNE STUDIOS, LLC, individually and/or by and through its agents, employees, and/or servants had a duty under 42 U.S.C. §1981 to refrain from discriminating against the plaintiff based on her race and ethnicity, and denying the plaintiff's right to make and enforce contracts because of her race and/or ethnicity.

226. At the aforementioned time and place, HOMETOWNE STUDIOS, LLC, individually and/or by and through its agents, employees, and/or servants wrongfully and intentionally prevented the plaintiff from enjoying any of the benefits for which she contracted through one or more of the following acts and/or omissions:

    a. Harassed the plaintiff by calling her derogatory terms;

    b. Refused plaintiff access to her mail and deliveries;

    c. Threatened to evict the plaintiff from her respective hotel rooms without cause or justifications;

    d. Refused to clean plaintiff's respective hotel rooms;

    e. Refused to provide plaintiff with maintenance services;

    f. Moved plaintiff from room-to-room within the hotel without cause;

g. Evicted the plaintiff from her room without cause or justification;

h. Otherwise prevented the plaintiff from making and enforcing a contract under which she had certain rights.

227. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of her constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, MELVA MILLER, demands judgment against HOMETOWNE STUDIOS, LLC for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

## COUNT XLV
*Melva Miller v. HOMETOWNE STUDIOS*
Violation of Section 1985

228. The plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 228.

229. At the aforementioned place and time, HOMETOWNE STUDIOS, LLC, individually and/or by and through its agents, employees, and/or servants, conspired with co-defendants, DW CROSSLAND OWNERS, LLC, WESTMONT HOSPITALITY GROUP, RED ROOF FRANCHISING, LLC, and ESSENCE McCAULEY, for the purpose of depriving the plaintiff of her constitutional protected rights to make and enforce contracts because of her race and ethnicity.

230. At the aforementioned place and time, HOMETOWNE STUDIOS, LLC, individually and/or by and through its agents, employees, and/or servants, committed the following acts or omissions in furtherance of said conspiracy:

    a. Harassed the plaintiff by calling her derogatory terms;

    b. Refused plaintiff access to her mail and deliveries;

    c. Threatened to evict the plaintiff from her respective hotel rooms without cause or justifications;

    d. Refused to clean plaintiff's respective hotel rooms;

    e. Refused to provide plaintiff with maintenance services;

    f. Moved plaintiff from room-to-room within the hotel without cause;

    g. Evicted the plaintiff from her room without cause or justification;

    h. Otherwise prevented the plaintiff from making and enforcing a contract under which she had certain rights.

231. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of her constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, MELVA MILLER, demands judgment against HOMETOWNE STUDIOS, LLC for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

**COUNT XLVI**
*Melva Miller v. RED ROOF FRANCHISING, LLC*
Violation of Section 1981

232. Plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 232.

233. At the aforementioned time and place, RED ROOF FRANCHISING, LLC individually and/or by and through its agents, employees, and/or servants, intentionally discriminated against the plaintiff because of her race/skin color.

234. At the aforementioned time and place, RED ROOF FRANCHISING, LLC, individually and/or by and through its agents, employees, and/or servants had a duty under 42 U.S.C. §1981 to refrain from discriminating against the plaintiff based on her race and ethnicity, and denying the plaintiff's right to make and enforce contracts because of her race and/or ethnicity.

235. At the aforementioned time and place, RED ROOF FRANCHISING, LLC, individually and/or by and through its agents, employees, and/or servants wrongfully and intentionally prevented the plaintiff from enjoying any of the benefits for which she contracted through one or more of the following acts and/or omissions:

   a. Harassed the plaintiff by calling her derogatory terms;

   b. Refused plaintiff access to her mail and deliveries;

   c. Threatened to evict the plaintiff from her respective hotel rooms without cause or justifications;

   d. Refused to clean plaintiff's respective hotel rooms;

   e. Refused to provide plaintiff with maintenance services;

   f. Moved plaintiff from room-to-room within the hotel without cause;

   g. Evicted the plaintiff from her room without cause or justification;

h.  Otherwise prevented the plaintiff from making and enforcing a contract under which she had certain rights.

236. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of her constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, MELVA MILLER, demands judgment against RED ROOF FRANCHISING, LLC for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

**COUNT XLVII**
*Melva Miller v. RED ROOF FRANCHISING, LLC*
Violation of Section 1985

237. The plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 237.

238. At the aforementioned place and time, RED ROOF FRANCHISING, LLC, individually and/or by and through its agents, employees, and/or servants, conspired with co-defendants, DW CROSSLANDS OWNER, LLC, WESTMONT HOSPITATLIY GROUP, HOMETOWNE STUDIOS, LLC and ESSENCE McCAULEY, for the purpose of depriving the plaintiff of her constitutional protected rights to make and enforce contracts because of her race and ethnicity.

239. At the aforementioned place and time, RED ROOF FRANCHISING, LLC, individually and/or by and through its agents, employees, and/or servants, committed the following acts or omissions in furtherance of said conspiracy:

a.  Harassed the plaintiff by calling her derogatory terms;

b.  Refused plaintiff access to her mail and deliveries;

c.  Threatened to evict the plaintiff from her respective hotel rooms without cause or justifications;

d.  Refused to clean plaintiff's respective hotel rooms;

e.  Refused to provide plaintiff with maintenance services;

f.  Moved plaintiff from room-to-room within the hotel without cause;

g.  Evicted the plaintiff from her room without cause or justification;

h.  Otherwise prevented the plaintiff from making and enforcing a contract under which she had certain rights.

240. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of her constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, MEVLA MILLER, demands judgment against RED ROOF FRANCHISING, LLC for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

**COUNT XLVIII**
*Melva Miller v. ESSENCE McCAULEY*
Violation of Section 1981

241. Plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 241.

242. At the aforementioned time and place, ESSENCE McCAULEY, individually and/or as agent, employee, and/or servant of defendants, WESTMONT

HOSPITALITY GROUP and/or DW CROSSLAND OWNER, LLC and/or

HOMETOWNE STUDIOS, LLC and/or RED ROOF FRANCHISING, LLC,

intentionally discriminated against the plaintiff because of her race/skin color.

243. At the aforementioned time and place, ESSENCE McCAULEY, individually

and/or as agent, employee, and/or servant of defendants, WESTMONT

HOSPITALITY GROUP and/or DW CROSSLAND OWNER, LLC and/or

HOMETOWNE STUDIOS, LLC and/or RED ROOF FRANCHISING, LLC, had a

duty under 42 U.S.C. §1981 to refrain from discriminating against the plaintiff

based on her race and ethnicity, and denying the plaintiff's right to make and

enforce contracts because of her race and/or ethnicity.

244. At the aforementioned time and place, ESSENCE McCAULEY, individually

and/or as agent, employee, and/or servant of defendants, WESTMONT

HOSPITALITY GROUP and/or DW CROSSLAND OWNER, LLC and/or

HOMETOWNE STUDIOS, LLC and/or RED ROOF FRANCHISING, LLC,

wrongfully and intentionally prevented the plaintiff from enjoying any of the

benefits for which she contracted through one or more of the following acts and/or

omissions:

      a.  Harassed the plaintiff by calling her derogatory terms;

      b.  Refused plaintiff access to her mail and deliveries;

      c.  Threatened to evict the plaintiff from her respective hotel rooms without cause or justifications;

      d.  Refused to clean plaintiff's respective hotel rooms;

      e.  Refused to provide plaintiff with maintenance services;

f.   Moved plaintiff from room-to-room within the hotel without cause;

g.   Evicted the plaintiff from her room without cause or justification;

h.   Otherwise prevented the plaintiff from making and enforcing a contract under which she had certain rights.

245. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of her constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, MELVA MILLER, demands judgment against ESSENCE McCAULEY for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

**COUNT LIX**
*Melva Miller v. ESSENCE McCAULEY*
Violation of Section 1985

246. The plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 246.

247. At the aforementioned place and time, ESSENCE McCAULEY, individually and/or as agent, employee, and/or servant of defendants, WESTMONT HOSPITALITY GROUP and/or DW CROSSLAND OWNER, LLC and/or HOMETOWNE STUDIOS, LLC and/or RED ROOF FRANCHISING, LLC conspired with co-defendants, WESTMONT HOSPITALITY GROUP and/or DW CROSSLAND OWNER, LLC and/or HOMETOWNE STUDIOS, LLC and/or RED ROOF FRANCHISING, LLC, for the purpose of depriving the plaintiff of her

81

constitutional protected rights to make and enforce contracts because of her race and ethnicity.

248. At the aforementioned place and time, ESSENCE McCAULEY, individually and/or as agent, employee, and/or servant of defendants, WESTMONT HOSPITALITY GROUP and/or DW CROSSLAND OWNER, LLC and/or HOMETOWNE STUDIOS, LLC and/or RED ROOF FRANCHISING, LLC, committed the following acts or omissions in furtherance of said conspiracy:

    a. Harassed the plaintiff by calling her derogatory terms;

    b. Refused plaintiff access to her mail and deliveries;

    c. Threatened to evict the plaintiff from her respective hotel rooms without cause or justifications;

    d. Refused to clean plaintiff's respective hotel rooms;

    e. Refused to provide plaintiff with maintenance services;

    f. Moved plaintiff from room-to-room within the hotel without cause;

    g. Evicted the plaintiff from her room without cause or justification;

    h. Otherwise prevented the plaintiff from making and enforcing a contract under which she had certain rights.

249. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of her constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, MELVA MILLER, demands judgment against ESSENCE McCAULEY, for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

<strong>COUNT LX</strong><br>
<em>Nicole Osvath vs. WESTMONT HOSPITALITY GROUP</em><br>
<em>Violation of Section 1981</em>

250. Plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 250.

251. At the aforementioned time and place, WESTMONT HOSPITALITY GROUP, individually and/or by and through its agents, employees, and/or servants, intentionally discriminated against the plaintiff because of her skin color/race and her Hungarian ethnicity.

252. At the aforementioned time and place, WESTMONT HOSPITALITY GROUP, individually and/or by and through its agents, employees, and/or servants had a duty under 42 U.S.C. §1981 to refrain from discriminating against the plaintiff based on her race and ethnicity, and denying the plaintiff's right to make and enforce contracts because of her race and/or ethnicity.

253. At the aforementioned time and place, WESTMONT HOSPITALITY GROUP, individually and/or by and through its agents, employees, and/or servants wrongfully and intentionally prevented the plaintiff from enjoying any of the benefits for which she contracted through one or more of the following acts and/or omissions:

a. Harassed the plaintiff by calling her derogatory terms;

b. Refused plaintiff access to her mail and deliveries;

c. Threatened to evict the plaintiff from her respective hotel rooms without cause or justifications;

d. Refused to clean plaintiff's respective hotel rooms;

e. Refused to provide plaintiff with maintenance services;

f. Moved plaintiff from room-to-room within the hotel without cause;

g. Evicted the plaintiff from her room without cause or justification;

h. Otherwise prevented the plaintiff from making and enforcing a contract under which she had certain rights.

254. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of her constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, NICOLE OSVATH, demands judgment against WESTMONT HOSPITALITY GROUP for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

## COUNT LXI
*Nicole Osvath v. WESTMONT HOSPITALITY GROUP*
Violation of Section 1985

255. The plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 255.

256. At the aforementioned place and time, WESTMONT HOSPITALITY GROUP, individually and/or by and through its agents, employees, and/or servants, conspired with co-defendants, DW CROSSLAND OWNERS, LLC, HOMETOWNE

STUDIOS, LLC, RED ROOF FRANCHISING, LLC, and ESSENCE McCAULEY, for the purpose of depriving the plaintiff of her constitutional protected rights to make and enforce contracts because of her race and ethnicity.

257. At the aforementioned place and time, WESTMONT HOSPITALITY GROUP, individually and/or by and through its agents, employees, and/or servants, committed the following acts or omissions in furtherance of said conspiracy:

     a.  Harassed the plaintiff by calling her derogatory terms;

     b.  Refused plaintiff access to her mail and deliveries;

     c.  Threatened to evict the plaintiff from her respective hotel rooms without cause or justifications;

     d.  Refused to clean plaintiff's respective hotel rooms;

     e.  Refused to provide plaintiff with maintenance services;

     f.  Moved plaintiff from room-to-room within the hotel without cause;

     g.  Evicted the plaintiff from her room without cause or justification;

     h.  Otherwise prevented the plaintiff from making and enforcing a contract under which she had certain rights.

258. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of her constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, NICOLE OSVATH, demands judgment against WESTMONT HOSPITALITY GROUP for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

## COUNT LXII
*Nicole Osvath v. DW CROSSLANDS OWNER, LLC*
Violation of Section 1981

259. Plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 259.

260. At the aforementioned time and place, DW CROSSLANDS OWNER, LLC, individually and/or by and through its agents, employees, and/or servants, intentionally discriminated against the plaintiff because of her race/skin color and Hungarian ethnicity.

261. At the aforementioned time and place, DW CROSSLANDS OWNER, LLC, individually and/or by and through its agents, employees, and/or servants had a duty under 42 U.S.C. §1981 to refrain from discriminating against the plaintiff based on her race and ethnicity, and denying the plaintiff's right to make and enforce contracts because of her race and/or ethnicity.

262. At the aforementioned time and place, DW CROSSLANDS OWNER, LLC, individually and/or by and through its agents, employees, and/or servants wrongfully and intentionally prevented the plaintiff from enjoying any of the benefits for which she contracted through one or more of the following acts and/or omissions:

    a. Harassed the plaintiff by calling her derogatory terms;

    b. Refused plaintiff access to her mail and deliveries;

    c. Threatened to evict the plaintiff from her respective hotel rooms without cause or justifications;

    d. Refused to clean plaintiff's respective hotel rooms;

    e.  Refused to provide plaintiff with maintenance services;

    f.  Moved plaintiff from room-to-room within the hotel without cause;

    g.  Evicted the plaintiff from her room without cause or justification;

    h.  Otherwise prevented the plaintiff from making and enforcing a contract under which she had certain rights.

263. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of her constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, NICOLE OSVATH, demands judgment against DW CROSSLANDS OWNER, LLC for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

**COUNT LXIII**
*Nicole Osvath v. DW CROSSLANDS OWNER, LLC*
Violation of Section 1985

264. The plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 264.

265. At the aforementioned place and time, DW CROSSLANDS OWNER, LLC, individually and/or by and through its agents, employees, and/or servants, conspired with co-defendants, WESTMONT HOSPITATLIY GROUP, HOMETOWNE STUDIOS, LLC, RED ROOF FRANCHISING, LLC and ESSENCE McCAULEY, for the purpose of depriving the plaintiff of her constitutional protected rights to make and enforce contracts because of her race and ethnicity.

266. At the aforementioned place and time, DW CROSSLANDS OWNER, LLC, individually and/or by and through its agents, employees, and/or servants, committed the following acts or omissions in furtherance of said conspiracy:

    a. Harassed the plaintiff by calling her derogatory terms;

    b. Refused plaintiff access to her mail and deliveries;

    c. Threatened to evict the plaintiff from her respective hotel rooms without cause or justifications;

    d. Refused to clean plaintiff's respective hotel rooms;

    e. Refused to provide plaintiff with maintenance services;

    f. Moved plaintiff from room-to-room within the hotel without cause;

    g. Evicted the plaintiff from her room without cause or justification;

    h. Otherwise prevented the plaintiff from making and enforcing a contract under which she had certain rights.

267. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of her constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, NICOLE OSVATH, demands judgment against *DW CROSSLANDS OWNER, LLC* for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

## COUNT LXIV
*Nicole Osvath vs. HOMETOWNE STUDIOS*
*Violation of Section 1981*

268. Plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 268.

269. At the aforementioned time and place, HOMETOWNE STUDIOS, LLC, individually and/or by and through its agents, employees, and/or servants, intentionally discriminated against the plaintiff because of her race/skin color and Hungarian ethnicity.

270. At the aforementioned time and place, HOMETOWNE STUDIOS, LLC, individually and/or by and through its agents, employees, and/or servants had a duty under 42 U.S.C. §1981 to refrain from discriminating against the plaintiff based on her race and ethnicity, and denying the plaintiff's right to make and enforce contracts because of her race and/or ethnicity.

271. At the aforementioned time and place, HOMETOWNE STUDIOS, LLC, individually and/or by and through its agents, employees, and/or servants wrongfully and intentionally prevented the plaintiff from enjoying any of the benefits for which she contracted through one or more of the following acts and/or omissions:

    a. Harassed the plaintiff by calling her derogatory terms;

    b. Refused plaintiff access to her mail and deliveries;

    c. Threatened to evict the plaintiff from her respective hotel rooms without cause or justifications;

    d. Refused to clean plaintiff's respective hotel rooms;

    e. Refused to provide plaintiff with maintenance services;

    f. Moved plaintiff from room-to-room within the hotel without cause;

g. Evicted the plaintiff from her room without cause or justification;

h. Otherwise prevented the plaintiff from making and enforcing a contract under which she had certain rights.

272. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of her constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, NICOLE OSVATH, demands judgment against HOMETOWNE STUDIOS, LLC for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

**COUNT LXV**
*Nicole Osvath v. HOMETOWNE STUDIOS*
Violation of Section 1985

273. The plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 273.

274. At the aforementioned place and time, HOMETOWNE STUDIOS, LLC, individually and/or by and through its agents, employees, and/or servants, conspired with co-defendants, DW CROSSLAND OWNERS, LLC, WESTMONT HOSPITALITY GROUP, RED ROOF FRANCHISING, LLC, and ESSENCE McCAULEY, for the purpose of depriving the plaintiff of her constitutional protected rights to make and enforce contracts because of her race and ethnicity.

275. At the aforementioned place and time, HOMETOWNE STUDIOS, LLC, individually and/or by and through its agents, employees, and/or servants, committed the following acts or omissions in furtherance of said conspiracy:

    a. Harassed the plaintiff by calling her derogatory terms;

    b. Refused plaintiff access to her mail and deliveries;

    c. Threatened to evict the plaintiff from her respective hotel rooms without cause or justifications;

    d. Refused to clean plaintiff's respective hotel rooms;

    e. Refused to provide plaintiff with maintenance services;

    f. Moved plaintiff from room-to-room within the hotel without cause;

    g. Evicted the plaintiff from her room without cause or justification;

    h. Otherwise prevented the plaintiff from making and enforcing a contract under which she had certain rights.

276. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of her constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, NICOLE OSVATH, demands judgment against HOMETOWNE STUDIOS, LLC for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

**COUNT LXVI**
*Nicole Osvath v. RED ROOF FRANCHISING, LLC*
Violation of Section 1981

277. Plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 277.

278. At the aforementioned time and place, RED ROOF FRANCHISING, LLC individually and/or by and through its agents, employees, and/or servants, intentionally discriminated against the plaintiff because of her race/skin color and Hungarian ethnicity.

279. At the aforementioned time and place, RED ROOF FRANCHISING, LLC, individually and/or by and through its agents, employees, and/or servants had a duty under 42 U.S.C. §1981 to refrain from discriminating against the plaintiff based on her race and ethnicity, and denying the plaintiff's right to make and enforce contracts because of her race and/or ethnicity.

280. At the aforementioned time and place, RED ROOF FRANCHISING, LLC, individually and/or by and through its agents, employees, and/or servants wrongfully and intentionally prevented the plaintiff from enjoying any of the benefits for which she contracted through one or more of the following acts and/or omissions:

     a.  Harassed the plaintiff by calling her derogatory terms;

     b.  Refused plaintiff access to her mail and deliveries;

     c.  Threatened to evict the plaintiff from her respective hotel rooms without cause or justifications;

     d.  Refused to clean plaintiff's respective hotel rooms;

     e.  Refused to provide plaintiff with maintenance services;

     f.  Moved plaintiff from room-to-room within the hotel without cause;

  g. Evicted the plaintiff from her room without cause or justification;

  h. Otherwise prevented the plaintiff from making and enforcing a contract under which she had certain rights.

281. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of her constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, NICOLE OSVATH, demands judgment against RED ROOF FRANCHISING, LLC for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

**COUNT LXVII**
*Nicole Osvath v. RED ROOF FRANCHISING, LLC*
Violation of Section 1985

282. The plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 282.

283. At the aforementioned place and time, RED ROOF FRANCHISING, LLC, individually and/or by and through its agents, employees, and/or servants, conspired with co-defendants, DW CROSSLANDS OWNER, LLC, WESTMONT HOSPITATLIY GROUP, HOMETOWNE STUDIOS, LLC and ESSENCE McCAULEY, for the purpose of depriving the plaintiff of her constitutional protected rights to make and enforce contracts because of her race and ethnicity.

284. At the aforementioned place and time, RED ROOF FRANCHISING, LLC, individually and/or by and through its agents, employees, and/or servants, committed the following acts or omissions in furtherance of said conspiracy:

    a. Harassed the plaintiff by calling her derogatory terms;

    b. Refused plaintiff access to her mail and deliveries;

    c. Threatened to evict the plaintiff from her respective hotel rooms without cause or justifications;

    d. Refused to clean plaintiff's respective hotel rooms;

    e. Refused to provide plaintiff with maintenance services;

    f. Moved plaintiff from room-to-room within the hotel without cause;

    g. Evicted the plaintiff from her room without cause or justification;

    h. Otherwise prevented the plaintiff from making and enforcing a contract under which she had certain rights.

285. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of her constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, NICOLE OSVATH, demands judgment against RED ROOF FRANCHISING, LLC for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

**COUNT LXVIII**
*Nicole Osvath v. ESSENCE McCAULEY*
Violation of Section 1981

286. Plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 286.

287. At the aforementioned time and place, ESSENCE McCAULEY, individually and/or as agent, employee, and/or servant of defendants, WESTMONT HOSPITALITY GROUP and/or DW CROSSLAND OWNER, LLC and/or HOMETOWNE STUDIOS, LLC and/or RED ROOF FRANCHISING, LLC, intentionally discriminated against the plaintiff because of her race/skin color and Hungarian ethnicity.

288. At the aforementioned time and place, ESSENCE McCAULEY, individually and/or as agent, employee, and/or servant of defendants, WESTMONT HOSPITALITY GROUP and/or DW CROSSLAND OWNER, LLC and/or HOMETOWNE STUDIOS, LLC and/or RED ROOF FRANCHISING, LLC, had a duty under 42 U.S.C. §1981 to refrain from discriminating against the plaintiff based on her race and ethnicity, and denying the plaintiff's right to make and enforce contracts because of her race and/or ethnicity.

289. At the aforementioned time and place, ESSENCE McCAULEY, individually and/or as agent, employee, and/or servant of defendants, WESTMONT HOSPITALITY GROUP and/or DW CROSSLAND OWNER, LLC and/or HOMETOWNE STUDIOS, LLC and/or RED ROOF FRANCHISING, LLC, wrongfully and intentionally prevented the plaintiff from enjoying any of the benefits for which she contracted through one or more of the following acts and/or omissions:

a. Harassed the plaintiff by calling her derogatory terms;

b. Refused plaintiff access to her mail and deliveries;

c. Threatened to evict the plaintiff from her respective hotel rooms without cause or justifications;

d. Refused to clean plaintiff's respective hotel rooms;

e. Refused to provide plaintiff with maintenance services;

f. Moved plaintiff from room-to-room within the hotel without cause;

g. Evicted the plaintiff from her room without cause or justification;

h. Otherwise prevented the plaintiff from making and enforcing a contract under which she had certain rights.

290. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of her constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, NICOLE OSVATH, demands judgment against ESSENCE McCAULEY for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

## COUNT LXIX
*Nicole Osvath v. ESSENCE McCAULEY*
Violation of Section 1985

291. The plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 291.

292. At the aforementioned place and time, ESSENCE McCAULEY, individually and/or as agent, employee, and/or servant of defendants, WESTMONT

HOSPITALITY GROUP and/or DW CROSSLAND OWNER, LLC and/or HOMETOWNE STUDIOS, LLC and/or RED ROOF FRANCHISING, LLC conspired with co-defendants, WESTMONT HOSPITALITY GROUP and/or DW CROSSLAND OWNER, LLC and/or HOMETOWNE STUDIOS, LLC and/or RED ROOF FRANCHISING, LLC for the purpose of depriving the plaintiff of her constitutional protected rights to make and enforce contracts because of her race and ethnicity.

293. At the aforementioned place and time, ESSENCE McCAULEY, individually and/or as agent, employee, and/or servant of defendants, WESTMONT HOSPITALITY GROUP and/or DW CROSSLAND OWNER, LLC and/or HOMETOWNE STUDIOS, LLC and/or RED ROOF FRANCHISING, LLC, committed the following acts or omissions in furtherance of said conspiracy:

   a. Harassed the plaintiff by calling her derogatory terms;

   b. Refused plaintiff access to her mail and deliveries;

   c. Threatened to evict the plaintiff from her respective hotel rooms without cause or justifications;

   d. Refused to clean plaintiff's respective hotel rooms;

   e. Refused to provide plaintiff with maintenance services;

   f. Moved plaintiff from room-to-room within the hotel without cause;

   g. Evicted the plaintiff from her room without cause or justification;

   h. Otherwise prevented the plaintiff from making and enforcing a contract under which she had certain rights.

294. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of her constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, NICOLE OSVATH, demands judgment against ESSENCE McCAULEY, for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

## COUNT LXX
*Edward Sanders III vs. WESTMONT HOSPITALITY GROUP*
*Violation of Section 1981*

295. Plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 295.

296. At the aforementioned time and place, WESTMONT HOSPITALITY GROUP, individually and/or by and through its agents, employees, and/or servants, intentionally discriminated against the plaintiff because of his African American race and skin color.

297. At the aforementioned time and place, WESTMONT HOSPITALITY GROUP, individually and/or by and through its agents, employees, and/or servants had a duty under 42 U.S.C. §1981 to refrain from discriminating against the plaintiffs based on his race and ethnicity, and denying the plaintiff's right to make and enforce contracts because of his race and/or ethnicity.

298. At the aforementioned time and place, WESTMONT HOSPITALITY GROUP, individually and/or by and through its agents, employees, and/or servants

wrongfully and intentionally prevented the plaintiff from enjoying any of the benefits for which he contracted through one or more of the following acts and/or omissions:

a.  Harassed the plaintiff by calling him derogatory terms;

b.  Refused plaintiff access to his mail and deliveries;

c.  Threatened to evict the plaintiff from his respective hotel rooms without cause or justifications;

d.  Refused to clean plaintiff's respective hotel rooms;

e.  Refused to provide plaintiff with maintenance services;

f.  Moved plaintiff from room-to-room within the hotel without cause;

g.  Evicted the plaintiff from his room without cause or justification;

h.  Otherwise prevented the plaintiff from making and enforcing a contract under which he had certain rights.

299. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of his constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, EDWARD SANDERS III, demands judgment against WESTMONT HOSPITALITY GROUP for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

## COUNT LXXI
*Edward Sanders III v. WESTMONT HOSPITALITY GROUP*
Violation of Section 1985

300. The plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 300.

301. At the aforementioned place and time, WESTMONT HOSPITALITY GROUP, individually and/or by and through its agents, employees, and/or servants, conspired with co-defendants, DW CROSSLAND OWNERS, LLC, HOMETOWNE STUDIOS, LLC, RED ROOF FRANCHISING, LLC and ESSENCE McCAULEY, for the purpose of depriving the plaintiff of his constitutional protected rights to make and enforce contracts because of his race and ethnicity.

302. At the aforementioned place and time, WESTMONT HOSPITALITY GROUP, individually and/or by and through its agents, employees, and/or servants, committed the following acts or omissions in furtherance of said conspiracy:

  a. Harassed the plaintiff by calling him derogatory terms;

  b. Refused plaintiff access to his mail and deliveries;

  c. Threatened to evict the plaintiff from his respective hotel rooms without cause or justifications;

  d. Refused to clean plaintiff's respective hotel rooms;

  e. Refused to provide plaintiff with maintenance services;

  f. Moved plaintiff from room-to-room within the hotel without cause;

  g. Evicted the plaintiff from his room without cause or justification;

  h. Otherwise prevented the plaintiff from making and enforcing a contract under which he had certain rights.

303. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of his constitutional rights and

privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, EDWARD SANDERS III, demands judgment against WESTMONT HOSPITALITY GROUP for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

## COUNT LXXII
*Edward Sanders III v. DW CROSSLANDS OWNER, LLC*
Violation of Section 1981

304. Plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 304.

305. At the aforementioned time and place, DW CROSSLANDS OWNER, LLC, individually and/or by and through its agents, employees, and/or servants, intentionally discriminated against the plaintiff because of his race and Jamaican ethnicity.

306. At the aforementioned time and place, DW CROSSLANDS OWNER, LLC, individually and/or by and through its agents, employees, and/or servants had a duty under 42 U.S.C. §1981 to refrain from discriminating against the plaintiff based on his race and ethnicity, and denying the plaintiff's right to make and enforce contracts because of his race and/or ethnicity.

307. At the aforementioned time and place, DW CROSSLANDS OWNER, LLC, individually and/or by and through its agents, employees, and/or servants wrongfully and intentionally prevented the plaintiff from enjoying any of the

benefits for which he contracted through one or more of the following acts and/or omissions:

   a. Harassed the plaintiff by calling him derogatory terms;

   b. Refused plaintiff access to his mail and deliveries;

   c. Threatened to evict the plaintiff from his respective hotel rooms without cause or justifications;

   d. Refused to clean plaintiff's respective hotel rooms;

   e. Refused to provide plaintiff with maintenance services;

   f. Moved plaintiff from room-to-room within the hotel without cause;

   g. Evicted the plaintiff from his room without cause or justification;

   h. Otherwise prevented the plaintiff from making and enforcing a contract under which he had certain rights.

308. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of his constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, EDWARD SANDERS III, demands judgment against DW CROSSLANDS OWNER, LLC for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

**COUNT LXXIV**
*Edward Sanders III v. DW CROSSLANDS OWNER, LLC*
Violation of Section 1985

309. The plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 309.

310. At the aforementioned place and time, DW CROSSLANDS OWNER, LLC, individually and/or by and through its agents, employees, and/or servants, conspired with co-defendants, WESTMONT HOSPITATLIY GROUP, HOMETOWNE STUDIOS, LLC, RED ROOF FRANCHISING, LLC and ESSENCE McCAULEY, for the purpose of depriving the plaintiff of his constitutional protected rights to make and enforce contracts because of his race and ethnicity.

311. At the aforementioned place and time, DW CROSSLANDS OWNER, LLC, individually and/or by and through its agents, employees, and/or servants, committed the following acts or omissions in furtherance of said conspiracy:

    a. Harassed the plaintiff by calling him derogatory terms;

    b. Refused plaintiff access to his mail and deliveries;

    c. Threatened to evict the plaintiff from his respective hotel rooms without cause or justifications;

    d. Refused to clean plaintiff's respective hotel rooms;

    e. Refused to provide plaintiff with maintenance services;

    f. Moved plaintiff from room-to-room within the hotel without cause;

    g. Evicted the plaintiff from his room without cause or justification;

    h. Otherwise prevented the plaintiff from making and enforcing a contract under which he had certain rights.

312. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of his constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, EDWARD SANDERS III, demands judgment against DW CROSSLANDS OWNER, LLC for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

## COUNT LXXV
*Edward Sanders III vs. HOMETOWNE STUDIOS*
*Violation of Section 1981*

313. Plaintiff repeats, realleges and incorporates paragraphs 1-204 as though fully stated herein as paragraph 313.

314. At the aforementioned time and place, HOMETOWNE STUDIOS, LLC, individually and/or by and through its agents, employees, and/or servants, intentionally discriminated against the plaintiff because of his Jamaican ethnicity.

315. At the aforementioned time and place, HOMETOWNE STUDIOS, LLC, individually and/or by and through its agents, employees, and/or servants had a duty under 42 U.S.C. §1981 to refrain from discriminating against the plaintiff based on his race and ethnicity, and denying the plaintiff's right to make and enforce contracts because of his race and/or ethnicity.

316. At the aforementioned time and place, HOMETOWNE STUDIOS LLC, individually and/or by and through its agents, employees, and/or servants wrongfully and intentionally prevented the plaintiff from enjoying any of the benefits for which he contracted through one or more of the following acts and/or omissions:

    a.  Harassed the plaintiff by calling him derogatory terms;

    b.  Refused plaintiff access to his mail and deliveries;

c. Threatened to evict the plaintiff from his respective hotel rooms without cause or justifications;

d. Refused to clean plaintiff's respective hotel rooms;

e. Refused to provide plaintiff with maintenance services;

f. Moved plaintiff from room-to-room within the hotel without cause;

g. Evicted the plaintiff from his room without cause or justification;

h. Otherwise prevented the plaintiff from making and enforcing a contract under which he had certain rights.

317. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of his constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, EDWARD SANDERS III, demands judgment against HOMETOWNE STUDIOS, LLC for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

**COUNT LXXVI**
*Edward Sanders III v. HOMETOWNE STUDIOS, LLC*
Violation of Section 1985

318. The plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 318.

319. At the aforementioned place and time, HOMETOWNE STUDIOS LLC, individually and/or by and through its agents, employees, and/or servants, conspired with co-defendants, DW CROSSLAND OWNERS, LLC, WESTMONT HOSPITALITY GROUP, RED ROOF FRANCHISING, LLC and ESSENCE

McCAULEY, for the purpose of depriving the plaintiff of his constitutional protected rights to make and enforce contracts because of his race and ethnicity.

320. At the aforementioned place and time, HOMETOWNE STUDIOS LLC, individually and/or by and through its agents, employees, and/or servants, committed the following acts or omissions in furtherance of said conspiracy:

      a.  Harassed the plaintiff by calling him derogatory terms;

      b.  Refused plaintiff access to his mail and deliveries;

      c.  Threatened to evict the plaintiff from his respective hotel rooms without cause or justifications;

      d.  Refused to clean plaintiff's respective hotel rooms;

      e.  Refused to provide plaintiff with maintenance services;

      f.  Moved plaintiff from room-to-room within the hotel without cause;

      g.  Evicted the plaintiff from his room without cause or justification;

      h.  Otherwise prevented the plaintiff from making and enforcing a contract under which he had certain rights.

321. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of his constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, EDWARD SANDERS III, demands judgment against HOMETOWNE STUDIOS, LLC for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

*Kevaughn Blackwood vs. RED ROOF FRANCHISING*
*Violation of Section 1981*

322. Plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 322.

323. At the aforementioned time and place, RED ROOF FRACHISING, LLC, individually and/or by and through its agents, employees, and/or servants, intentionally discriminated against the plaintiff because of his Jamaican ethnicity.

324. At the aforementioned time and place, RED ROOF FRACHISING, LLC, individually and/or by and through its agents, employees, and/or servants had a duty under 42 U.S.C. §1981 to refrain from discriminating against the plaintiff based on his race and ethnicity, and denying the plaintiff's right to make and enforce contracts because of his race and/or ethnicity.

325. At the aforementioned time and place, RED ROOF FRACHISING, individually and/or by and through its agents, employees, and/or servants wrongfully and intentionally prevented the plaintiff from enjoying any of the benefits for which he contracted through one or more of the following acts and/or omissions:

    a.  Harassed the plaintiff by calling him derogatory terms;

    b.  Refused plaintiff access to his mail and deliveries;

    c.  Threatened to evict the plaintiff from his respective hotel rooms without cause or justifications;

    d.  Refused to clean plaintiff's respective hotel rooms;

    e.  Refused to provide plaintiff with maintenance services;

    f.  Moved plaintiff from room-to-room within the hotel without cause;

    g.  Evicted the plaintiff from his room without cause or justification;

    h.  Otherwise prevented the plaintiff from making and enforcing a contract under which he had certain rights.

326. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of his constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, EDWARD SANDERS III, demands judgment against RED ROOF FRACHISING, LLC for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

**COUNT LXXVIII**
*Edward Sanders III v. RED ROOF FRACHISING*
Violation of Section 1985

327. The plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 327.

328. At the aforementioned place and time, RED ROOF FRACHISING, LLC, individually and/or by and through its agents, employees, and/or servants, conspired with co-defendants, DW CROSSLAND OWNERS, LLC, WESTMONT HOSPITALITY GROUP, HOMETOWNE STUDIOS, LLC and ESSENCE McCAULEY, for the purpose of depriving the plaintiff of his constitutional protected rights to make and enforce contracts because of his race and ethnicity.

329. At the aforementioned place and time, RED ROOF FRACHISING LLC, individually and/or by and through its agents, employees, and/or servants, committed the following acts or omissions in furtherance of said conspiracy:

  a.  Harassed the plaintiff by calling him derogatory terms;

  b.  Refused plaintiff access to his mail and deliveries;

  c.  Threatened to evict the plaintiff from his respective hotel rooms without cause or justifications;

  d.  Refused to clean plaintiff's respective hotel rooms;

  e.  Refused to provide plaintiff with maintenance services;

  f.  Moved plaintiff from room-to-room within the hotel without cause;

  g.  Evicted the plaintiff from his room without cause or justification;

  h.  Otherwise prevented the plaintiff from making and enforcing a contract under which he had certain rights.

330. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of his constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, EDWARD SANDERS III, demands judgment against RED ROOF FRACHISING, LLC for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

**COUNT LXXIV**
*Edward Sanders III v. ESSENCE McCAULEY*
Violation of Section 1981

331. Plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 331.

332. At the aforementioned time and place, ESSENCE McCAULEY, individually and/or as agent, employee, and/or servant of defendants, WESTMONT HOSPITALITY GROUP and/or DW CROSSLAND OWNER, LLC and/or HOMETOWNE STUDIOS, LLC and/or RED ROOF FRANCHISING, LLC, intentionally discriminated against the plaintiff because of his African American race and skin color.

333. At the aforementioned time and place, ESSENCE McCAULEY, individually and/or as agent, employee, and/or servant of defendants, WESTMONT HOSPITALITY GROUP and/or DW CROSSLAND OWNER, LLC and/or HOMETOWNE STUDIOS, LLC and/or RED ROOF FRANCHISING, LLC, had a duty under 42 U.S.C. §1981 to refrain from discriminating against the plaintiffs based on his race and ethnicity, and denying the plaintiff's right to make and enforce contracts because of his race and/or ethnicity.

334. At the aforementioned time and place, ESSENCE McCAULEY, individually and/or as agent, employee, and/or servant of defendants, WESTMONT HOSPITALITY GROUP and/or DW CROSSLAND OWNER, LLC and/or HOMETOWNE STUDIOS, LLC and/or RED ROOF FRANCHISING, LLC, wrongfully and intentionally prevented the plaintiff from enjoying any of the benefits for which he contracted through one or more of the following acts and/or omissions:

a. Harassed the plaintiff by calling him derogatory terms;

b. Refused plaintiff access to his mail and deliveries;

c. Threatened to evict the plaintiff from his respective hotel rooms without cause or justifications;

d. Refused to clean plaintiff's respective hotel rooms;

e. Refused to provide plaintiff with maintenance services;

f. Moved plaintiff from room-to-room within the hotel without cause;

g. Evicted the plaintiff from his room without cause or justification;

h. Otherwise prevented the plaintiff from making and enforcing a contract under which he had certain rights.

335. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of his constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, EDWARD SANDERS III, demands judgment against ESSENCE McCAULEY for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

## COUNT LXXX
*Edward Sanders III v. ESSENCE McCAULEY*
Violation of Section 1985

336. The plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 336.

337. At the aforementioned place and time, ESSENCE McCAULEY, individually and/or as agent, employee, and/or servant of defendants, WESTMONT

HOSPITALITY GROUP and/or DW CROSSLAND OWNER, LLC and/or HOMETOWNE STUDIOS, LLC and/or RED ROOF FRANCHISING, LLC conspired with co-defendants, WESTMONT HOSPITALITY GROUP and/or DW CROSSLAND OWNER, LLC and/or HOMETOWNE STUDIOS, LLC and/or RED ROOF FRANCHISING, LLC, for the purpose of depriving the plaintiff of his constitutional protected rights to make and enforce contracts because of his race and ethnicity.

338. At the aforementioned place and time, ESSENCE McCAULEY, individually and/or as agent, employee, and/or servant of defendants, WESTMONT HOSPITALITY GROUP and/or DW CROSSLAND OWNER, LLC and/or HOMETOWNE STUDIOS, LLC and/or RED ROOF FRANCHISING, LLC, committed the following acts or omissions in furtherance of said conspiracy:

   a. Harassed the plaintiff by calling him derogatory terms;

   b. Refused plaintiff access to his mail and deliveries;

   c. Threatened to evict the plaintiff from his respective hotel rooms without cause or justifications;

   d. Refused to clean plaintiff's respective hotel rooms;

   e. Refused to provide plaintiff with maintenance services;

   f. Moved plaintiff from room-to-room within the hotel without cause;

   g. Evicted the plaintiff from his room without cause or justification;

   h. Otherwise prevented the plaintiff from making and enforcing a contract under which he had certain rights.

339. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of his constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, EDWARD SANDERS III, demands judgment against ESSENCE McCAULEY, for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

### COUNT LXXXI
*Nickeisha Simms vs. WESTMONT HOSPITALITY GROUP*
*Violation of Section 1981*

340. Plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 340.

341. At the aforementioned time and place, WESTMONT HOSPITALITY GROUP, individually and/or by and through its agents, employees, and/or servants, intentionally discriminated against the plaintiff because of her race/skin color and Jamaican ethnicity.

342. At the aforementioned time and place, WESTMONT HOSPITALITY GROUP, individually and/or by and through its agents, employees, and/or servants had a duty under 42 U.S.C. §1981 to refrain from discriminating against the plaintiff based on her race and ethnicity, and denying the plaintiff's right to make and enforce contracts because of her race and/or ethnicity.

343. At the aforementioned time and place, WESTMONT HOSPITALITY GROUP, individually and/or by and through its agents, employees, and/or servants

wrongfully and intentionally prevented the plaintiff from enjoying any of the benefits for which she contracted through one or more of the following acts and/or omissions:

    a.  Harassed the plaintiff by calling her derogatory terms;

    b.  Refused plaintiff access to her mail and deliveries;

    c.  Threatened to evict the plaintiff from her respective hotel rooms without cause or justifications;

    d.  Refused to clean plaintiff's respective hotel rooms;

    e.  Refused to provide plaintiff with maintenance services;

    f.  Moved plaintiff from room-to-room within the hotel without cause;

    g.  Evicted the plaintiff from her room without cause or justification;

    h.  Otherwise prevented the plaintiff from making and enforcing a contract under which she had certain rights.

344. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of her constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, NICKEISHA SIMMS, demands judgment against WESTMONT HOSPITALITY GROUP for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

**COUNT LXXXII**
*Nickeisha Simms v. WESTMONT HOSPITALITY GROUP*
Violation of Section 1985

345. The plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 345.

346. At the aforementioned place and time, WESTMONT HOSPITALITY GROUP, individually and/or by and through its agents, employees, and/or servants, conspired with co-defendants, HOMETOWNE STUDIOS, LLC, RED ROOF FRANCHISING, LLC, for the purpose of depriving the plaintiff of her constitutional protected rights to make and enforce contracts because of her race and ethnicity

347. At the aforementioned place and time, WESTMONT HOSPITALITY GROUP, individually and/or by and through its agents, employees, and/or servants, committed the following acts or omissions in furtherance of said conspiracy:

    a. Harassed the plaintiff by calling her derogatory terms;

    b. Refused plaintiff access to her mail and deliveries;

    c. Threatened to evict the plaintiff from her respective hotel rooms without cause or justifications;

    d. Refused to clean plaintiff's respective hotel rooms;

    e. Refused to provide plaintiff with maintenance services;

    f. Moved plaintiff from room-to-room within the hotel without cause;

    g. Evicted the plaintiff from her room without cause or justification;

    h. Otherwise prevented the plaintiff from making and enforcing a contract under which she had certain rights.

348. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of her constitutional rights and

privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, NICKEISHA SIMMS, demands judgment against WESTMONT HOSPITALITY GROUP for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

## COUNT LXXXIII
*Nickeisha Simms v. DW CROSSLANDS OWNER, LLC*
Violation of Section 1981

349. Plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 349.

350. At the aforementioned time and place, DW CROSSLANDS OWNER, LLC, individually and/or by and through its agents, employees, and/or servants, intentionally discriminated against the plaintiff because of her race/skin color and Jamaican ethnicity.

351. At the aforementioned time and place, DW CROSSLANDS OWNER, LLC, individually and/or by and through its agents, employees, and/or servants had a duty under 42 U.S.C. §1981 to refrain from discriminating against the plaintiff based on her race and ethnicity, and denying the plaintiff's right to make and enforce contracts because of her race and/or ethnicity.

352. At the aforementioned time and place, DW CROSSLANDS OWNER, LLC, individually and/or by and through its agents, employees, and/or servants wrongfully and intentionally prevented the plaintiff from enjoying any of the

benefits for which she contracted through one or more of the following acts and/or omissions:

    a.  Harassed the plaintiff by calling her derogatory terms;

    b.  Refused plaintiff access to her mail and deliveries;

    c.  Threatened to evict the plaintiff from her respective hotel rooms without cause or justifications;

    d.  Refused to clean plaintiff's respective hotel rooms;

    e.  Refused to provide plaintiff with maintenance services;

    f.  Moved plaintiff from room-to-room within the hotel without cause;

    g.  Evicted the plaintiff from her room without cause or justification;

    h.  Otherwise prevented the plaintiff from making and enforcing a contract under which she had certain rights.

353. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of her constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, NICKEISHA SIMMS, demands judgment against DW CROSSLANDS OWNER, LLC for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

**COUNT LXXXIV**
*Nickeisha Simms v. DW CROSSLANDS OWNER, LLC*
Violation of Section 1985

354. The plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 354.

355. At the aforementioned place and time, DW CROSSLANDS OWNER, LLC, individually and/or by and through its agents, employees, and/or servants, conspired with co-defendants, WESTMONT HOSPITATLIY GROUP, HOMETOWNE STUDIOS, LLC, RED ROOF FRANCHISING, LLC and ESSENCE McCAULEY, for the purpose of depriving the plaintiff of her constitutional protected rights to make and enforce contracts because of her race and ethnicity.

356. At the aforementioned place and time, DW CROSSLANDS OWNER, LLC, individually and/or by and through its agents, employees, and/or servants, committed the following acts or omissions in furtherance of said conspiracy:

     a. Harassed the plaintiff by calling her derogatory terms;

     b. Refused plaintiff access to her mail and deliveries;

     c. Threatened to evict the plaintiff from her respective hotel rooms without cause or justifications;

     d. Refused to clean plaintiff's respective hotel rooms;

     e. Refused to provide plaintiff with maintenance services;

     f. Moved plaintiff from room-to-room within the hotel without cause;

     g. Evicted the plaintiff from her room without cause or justification;

     h. Otherwise prevented the plaintiff from making and enforcing a contract under which she had certain rights.

357. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of her constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, NICKEISHA SIMMS, demands judgment against DW CROSSLANDS OWNER, LLC for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

**COUNT LXXXV**
*Nickeisha Simms vs. HOMETOWNE STUDIOS*
*Violation of Section 1981*

358. Plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 358.

359. At the aforementioned time and place, HOMETOWNE STUDIOS, LLC, individually and/or by and through its agents, employees, and/or servants, intentionally discriminated against the plaintiff because of her race/skin color and Jamaican ethnicity.

360. At the aforementioned time and place, HOMETOWNE STUDIOS, LLC, individually and/or by and through its agents, employees, and/or servants had a duty under 42 U.S.C. §1981 to refrain from discriminating the against plaintiff based on her race and ethnicity, and denying the plaintiff's right to make and enforce contracts because of her race and/or ethnicity.

361. At the aforementioned time and place, HOMETOWNE STUDIOS, LLC, individually and/or by and through its agents, employees, and/or servants wrongfully and intentionally prevented the plaintiff from enjoying any of the benefits for which he contracted through one or more of the following acts and/or omissions:

    a. Harassed the plaintiff by calling her derogatory terms;

b. Refused plaintiff access to her mail and deliveries;

c. Threatened to evict the plaintiff from her respective hotel rooms without cause or justifications;

d. Refused to clean plaintiff's respective hotel rooms;

e. Refused to provide plaintiff with maintenance services;

f. Moved plaintiff from room-to-room within the hotel without cause;

g. Evicted the plaintiff from her room without cause or justification;

h. Otherwise prevented the plaintiff from making and enforcing a contract under which she had certain rights.

362. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of her constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, NICKEISHA SIMMS, demands judgment against HOMETOWNE STUDIOS, LLC for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

## COUNT LXXXVI
*Nickeisha Simms v. HOMETOWNE STUDIOS*
Violation of Section 1985

363. The plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 363.

364. At the aforementioned place and time, HOMETOWNE STUDIOS, LLC, individually and/or by and through its agents, employees, and/or servants, conspired with co-defendants, DW CROSSLAND OWNERS, LLC, WESTMONT

HOSPITALITY GROUP, RED ROOF FRANCHISING, LLC, and ESSENCE McCAULEY, for the purpose of depriving the plaintiff of her constitutional protected rights to make and enforce contracts because of her race and ethnicity.

365. At the aforementioned place and time, HOMETOWNE STUDIOS, LLC, individually and/or by and through its agents, employees, and/or servants, committed the following acts or omissions in furtherance of said conspiracy:

    a.  Harassed the plaintiff by calling her derogatory terms;

    b.  Refused plaintiff access to her mail and deliveries;

    c.  Threatened to evict the plaintiff from her respective hotel rooms without cause or justifications;

    d.  Refused to clean plaintiff's respective hotel rooms;

    e.  Refused to provide plaintiff with maintenance services;

    f.  Moved plaintiff from room-to-room within the hotel without cause;

    g.  Evicted the plaintiff from her room without cause or justification;

    h.  Otherwise prevented the plaintiff from making and enforcing a contract under which she had certain rights.

366. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of her constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, NICKEISHA SIMMS, demands judgment against HOMETOWNE STUDIOS, LLC for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

**COUNT LXXXVII**
*Nickeisha Simms v. RED ROOF FRANCHISING, LLC*
Violation of Section 1981

367. Plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 367.

368. At the aforementioned time and place, RED ROOF FRANCHISING, LLC individually and/or by and through its agents, employees, and/or servants, intentionally discriminated against the plaintiff because of her race/skin color and Jamaican ethnicity.

369. At the aforementioned time and place, RED ROOF FRANCHISING, LLC, individually and/or by and through its agents, employees, and/or servants had a duty under 42 U.S.C. §1981 to refrain from discriminating against the plaintiff based on her race and ethnicity, and denying the plaintiff's right to make and enforce contracts because of her race and/or ethnicity.

370. At the aforementioned time and place, RED ROOF FRANCHISING, LLC, individually and/or by and through its agents, employees, and/or servants wrongfully and intentionally prevented the plaintiff from enjoying any of the benefits for which she contracted through one or more of the following acts and/or omissions:

    a. Harassed the plaintiff by calling her derogatory terms;

    b. Refused plaintiff access to her mail and deliveries;

    c. Threatened to evict the plaintiff from her respective hotel rooms without cause or justifications;

    d. Refused to clean plaintiff's respective hotel rooms;

122

e. Refused to provide plaintiff with maintenance services;

f. Moved plaintiff from room-to-room within the hotel without cause;

g. Evicted the plaintiff from her room without cause or justification;

h. Otherwise prevented the plaintiff from making and enforcing a contract under which she had certain rights.

371. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of her constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, NICKEISHA SIMMS, demands judgment against RED ROOF FRANCHISING, LLC for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

### COUNT LXXXVIII
*Nickeisha Simms v. RED ROOF FRANCHISING, LLC*
Violation of Section 1985

372. The plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 372.

373. At the aforementioned place and time, RED ROOF FRANCHISING, LLC, individually and/or by and through its agents, employees, and/or servants, conspired with co-defendants, DW CROSSLANDS OWNER, LLC, WESTMONT HOSPITATLIY GROUP, HOMETOWNE STUDIOS, LLC and ESSENCE McCAULEY, for the purpose of depriving the plaintiff of her constitutional protected rights to make and enforce contracts because of her race and ethnicity.

374. At the aforementioned place and time, RED ROOF FRANCHISING, LLC, individually and/or by and through its agents, employees, and/or servants, committed the following acts or omissions in furtherance of said conspiracy:

    a.  Harassed the plaintiff by calling her derogatory terms;

    b.  Refused plaintiff access to her mail and deliveries;

    c.  Threatened to evict the plaintiff from her respective hotel rooms without cause or justifications;

    d.  Refused to clean plaintiff's respective hotel rooms;

    e.  Refused to provide plaintiff with maintenance services;

    f.  Moved plaintiff from room-to-room within the hotel without cause;

    g.  Evicted the plaintiff from her room without cause or justification;

    h.  Otherwise prevented the plaintiff from making and enforcing a contract under which she had certain rights.

375. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of her constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, NICKEISHA SIMMS, demands judgment against RED ROOF FRANCHISING, LLC for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

**COUNT LXXXIX**
*Nickeisha Simms v. ESSENCE McCAULEY*
Violation of Section 1981

376. Plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 376.

377. At the aforementioned time and place, ESSENCE McCAULEY, individually and/or as agent, employee, and/or servant of defendants, WESTMONT HOSPITALITY GROUP and/or DW CROSSLAND OWNER, LLC and/or HOMETOWNE STUDIOS, LLC and/or RED ROOF FRANCHISING, LLC, intentionally discriminated against the plaintiff because of her race/skin color and Jamaican ethnicity.

378. At the aforementioned time and place, ESSENCE McCAULEY, individually and/or as agent, employee, and/or servant of defendants, WESTMONT HOSPITALITY GROUP and/or DW CROSSLAND OWNER, LLC and/or HOMETOWNE STUDIOS, LLC and/or RED ROOF FRANCHISING, LLC, had a duty under 42 U.S.C. §1981 to refrain from discriminating against the plaintiff based on her race and ethnicity, and denying the plaintiff's right to make and enforce contracts because of her race and/or ethnicity. At the aforementioned time and place, ESSENCE McCAULEY, individually and/or as agent, employee, and/or servant of defendants, WESTMONT HOSPITALITY GROUP and/or DW CROSSLAND OWNER, LLC and/or HOMETOWNE STUDIOS, LLC and/or RED ROOF FRANCHISING, LLC, wrongfully and intentionally prevented the plaintiff from enjoying any of the benefits for which she contracted through one or more of the following acts and/or omissions:

    a.  Harassed the plaintiff by calling her derogatory terms;

b. Refused plaintiff access to her mail and deliveries;

c. Threatened to evict the plaintiff from her respective hotel rooms without cause or justifications;

d. Refused to clean plaintiff's respective hotel rooms;

e. Refused to provide plaintiff with maintenance services;

f. Moved plaintiff from room-to-room within the hotel without cause;

g. Evicted the plaintiff from her room without cause or justification;

h. Otherwise prevented the plaintiff from making and enforcing a contract under which she had certain rights.

379. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of her constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, NICKEISHA SIMMS, demands judgment against ESSENCE McCAULEY for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

### COUNT LC
*Nickeisha Simms v. ESSENCE McCAULEY*
Violation of Section 1985

380. The plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 380.

381. At the aforementioned place and time, ESSENCE McCAULEY, individually and/or as agent, employee, and/or servant of defendants, WESTMONT HOSPITALITY GROUP and/or DW CROSSLAND OWNER, LLC and/or

HOMETOWNE STUDIOS, LLC and/or RED ROOF FRANCHISING, LLC conspired

with co-defendants, WESTMONT HOSPITALITY GROUP and/or DW

CROSSLAND OWNER, LLC and/or HOMETOWNE STUDIOS, LLC and/or RED

ROOF FRANCHISING, LLC, for the purpose of depriving the plaintiff of her

constitutional protected rights to make and enforce contracts because of her race

and ethnicity.

382. At the aforementioned place and time, ESSENCE McCAULEY, individually

and/or as agent, employee, and/or servant of defendants, WESTMONT

HOSPITALITY GROUP and/or DW CROSSLAND OWNER, LLC and/or

HOMETOWNE STUDIOS, LLC and/or RED ROOF FRANCHISING, LLC,

committed the following acts or omissions in furtherance of said conspiracy:

     a.  Harassed the plaintiff by calling her derogatory terms;

     b.  Refused plaintiff access to her mail and deliveries;

     c.  Threatened to evict the plaintiff from her respective hotel rooms
without cause or justifications;

     d.  Refused to clean plaintiff's respective hotel rooms;

     e.  Refused to provide plaintiff with maintenance services;

     f.  Moved plaintiff from room-to-room within the hotel without cause;

     g.  Evicted the plaintiff from her room without cause or justification;

     h.  Otherwise prevented the plaintiff from making and enforcing a
contract under which she had certain rights.

383. As a direct and proximate cause of one or more of the foregoing wrongful

acts and omissions, the plaintiff was deprived of her constitutional rights and

privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, NICKEISHA SIMMS, demands judgment against ESSENCE McCAULEY, for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

### COUNT LCI
*Durward Stewart vs. WESTMONT HOSPITALITY GROUP*
*Violation of Section 1981*

384. Plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 384.

385. At the aforementioned time and place, WESTMONT HOSPITALITY GROUP, individually and/or by and through its agents, employees, and/or servants, intentionally discriminated against the plaintiff because of his race/skin color and Jamaican ethnicity.

386. At the aforementioned time and place, WESTMONT HOSPITALITY GROUP, individually and/or by and through its agents, employees, and/or servants had a duty under 42 U.S.C. §1981 to refrain from discriminating against the plaintiff based on his race and ethnicity, and denying the plaintiff's right to make and enforce contracts because of his race and/or ethnicity.

387. At the aforementioned time and place, WESTMONT HOSPITALITY GROUP, individually and/or by and through its agents, employees, and/or servants wrongfully and intentionally prevented the plaintiff from enjoying any of the

benefits for which he contracted through one or more of the following acts and/or omissions:

   a. Harassed the plaintiff by calling him derogatory terms;

   b. Refused plaintiff access to his mail and deliveries;

   c. Threatened to evict the plaintiff from his respective hotel rooms without cause or justifications;

   d. Refused to clean plaintiff's respective hotel rooms;

   e. Refused to provide plaintiff with maintenance services;

   f. Moved plaintiff from room-to-room within the hotel without cause;

   g. Evicted the plaintiff from his room without cause or justification;

   h. Otherwise prevented the plaintiff from making and enforcing a contract under which he had certain rights.

388. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of his constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, DURWARD STEWART, demands judgment against WESTMONT HOSPITALITY GROUP for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

**COUNT LCII**
*Durward Stewart v. WESTMONT HOSPITALITY GROUP*
Violation of Section 1985

389. The plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 389.

390. At the aforementioned place and time, WESTMONT HOSPITALITY GROUP, individually and/or by and through its agents, employees, and/or servants, conspired with co-defendants, DW CROSSLAND OWNERS, LLC, HOMETOWNE STUDIOS, LLC, RED ROOF FRANCHISING, LLC and ESSENCE McCAULEY, for the purpose of depriving the plaintiff of his constitutional protected rights to make and enforce contracts because of his race and ethnicity.

391. At the aforementioned place and time, WESTMONT HOSPITALITY GROUP, individually and/or by and through its agents, employees, and/or servants, committed the following acts or omissions in furtherance of said conspiracy:

    a.  Harassed the plaintiff by calling him derogatory terms;

    b.  Refused plaintiff access to his mail and deliveries;

    c.  Threatened to evict the plaintiff from his respective hotel rooms without cause or justifications;

    d.  Refused to clean plaintiff's respective hotel rooms;

    e.  Refused to provide plaintiff with maintenance services;

    f.  Moved plaintiff from room-to-room within the hotel without cause;

    g.  Evicted the plaintiff from his room without cause or justification;

    h.  Otherwise prevented the plaintiff from making and enforcing a contract under which he had certain rights.

392. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of his constitutional rights and

privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, DURWARD STEWART, demands judgment against WESTMONT HOSPITALITY GROUP for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

## COUNT LCIII
### *Durward Stewart v. DW CROSSLANDS OWNER, LLC*
Violation of Section 1981

393. Plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 393.

394. At the aforementioned time and place, DW CROSSLANDS OWNER, LLC, individually and/or by and through its agents, employees, and/or servants, intentionally discriminated against the plaintiff because of his race/skin color and Jamaican ethnicity.

395. At the aforementioned time and place, DW CROSSLANDS OWNER, LLC, individually and/or by and through its agents, employees, and/or servants had a duty under 42 U.S.C. §1981 to refrain from discriminating against the plaintiff based on his race and ethnicity, and denying the plaintiff's right to make and enforce contracts because of his race and/or ethnicity.

396. At the aforementioned time and place, DW CROSSLANDS OWNER, LLC, individually and/or by and through its agents, employees, and/or servants wrongfully and intentionally prevented the plaintiff from enjoying any of the

benefits for which he contracted through one or more of the following acts and/or omissions:

    a.  Harassed the plaintiff by calling him derogatory terms;

    b.  Refused plaintiff access to his mail and deliveries;

    c.  Threatened to evict the plaintiff from his respective hotel rooms without cause or justifications;

    d.  Refused to clean plaintiff's respective hotel rooms;

    e.  Refused to provide plaintiff with maintenance services;

    f.  Moved plaintiff from room-to-room within the hotel without cause;

    g.  Evicted the plaintiff from his room without cause or justification;

    h.  Otherwise prevented the plaintiff from making and enforcing a contract under which he had certain rights.

397. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of his constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, DURWARD STEWART, demands judgment against DW CROSSLANDS OWNER, LLC for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

**COUNT LCIV**
*Durward Stewart v. DW CROSSLANDS OWNER, LLC*
Violation of Section 1985

398. The plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 398.

399. At the aforementioned place and time, DW CROSSLANDS OWNER, LLC, individually and/or by and through its agents, employees, and/or servants, conspired with co-defendants, WESTMONT HOSPITATLIY GROUP, HOMETOWNE STUDIOS, LLC, RED ROOF FRANCHISING, LLC and ESSENCE McCAULEY, for the purpose of depriving the plaintiff of his constitutional protected rights to make and enforce contracts because of his race and ethnicity.

400. At the aforementioned place and time, DW CROSSLANDS OWNER, LLC, individually and/or by and through its agents, employees, and/or servants, committed the following acts or omissions in furtherance of said conspiracy:

    a. Harassed the plaintiff by calling him derogatory terms;

    b. Refused plaintiff access to his mail and deliveries;

    c. Threatened to evict the plaintiff from his respective hotel rooms without cause or justifications;

    d. Refused to clean plaintiff's respective hotel rooms;

    e. Refused to provide plaintiff with maintenance services;

    f. Moved plaintiff from room-to-room within the hotel without cause;

    g. Evicted the plaintiff from his room without cause or justification;

    h. Otherwise prevented the plaintiff from making and enforcing a contract under which he had certain rights.

401. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of his constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, DURWARD STEWART, demands judgment against DW CROSSLANDS OWNER, LLC for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

**COUNT LCV**
*Durward Stewart vs. HOMETOWNE STUDIOS*
*Violation of Section 1981*

402. Plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 402.

403. At the aforementioned time and place, HOMETOWNE STUDIOS, LLC, individually and/or by and through its agents, employees, and/or servants, intentionally discriminated against the plaintiff because of his Jamaican ethnicity.

404. At the aforementioned time and place, HOMETOWNE STUDIOS, LLC, individually and/or by and through its agents, employees, and/or servants had a duty under 42 U.S.C. §1981 to refrain from discriminating against the plaintiff based on his race and ethnicity, and denying the plaintiff's right to make and enforce contracts because of his race and/or ethnicity.

405. At the aforementioned time and place, HOMETOWNE STUDIOS LLC, individually and/or by and through its agents, employees, and/or servants wrongfully and intentionally prevented the plaintiff from enjoying any of the benefits for which he contracted through one or more of the following acts and/or omissions:

a. Harassed the plaintiff by calling him derogatory terms;

b. Refused plaintiff access to his mail and deliveries;

    c. Threatened to evict the plaintiff from his respective hotel rooms without cause or justifications;

    d. Refused to clean plaintiff's respective hotel rooms;

    e. Refused to provide plaintiff with maintenance services;

    f. Moved plaintiff from room-to-room within the hotel without cause;

    g. Evicted the plaintiff from his room without cause or justification;

    h. Otherwise prevented the plaintiff from making and enforcing a contract under which he had certain rights.

406. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of his constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, DURWARD STEWART, demands judgment against HOMETOWNE STUDIOS, LLC for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

## COUNT LCVI
*Durward Stewart v. HOMETOWNE STUDIOS, LLC*
Violation of Section 1985

407. The plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 407.

408. At the aforementioned place and time, HOMETOWNE STUDIOS LLC, individually and/or by and through its agents, employees, and/or servants, conspired with co-defendants, DW CROSSLAND OWNERS, LLC, WESTMONT HOSPITALITY GROUP, RED ROOF FRANCHISING, LLC and ESSENCE

McCAULEY, for the purpose of depriving the plaintiff of his constitutional protected rights to make and enforce contracts because of his race and ethnicity.

409. At the aforementioned place and time, HOMETOWNE STUDIOS LLC, individually and/or by and through its agents, employees, and/or servants, committed the following acts or omissions in furtherance of said conspiracy:

     a.  Harassed the plaintiff by calling him derogatory terms;

     b.  Refused plaintiff access to his mail and deliveries;

     c.  Threatened to evict the plaintiff from his respective hotel rooms without cause or justifications;

     d.  Refused to clean plaintiff's respective hotel rooms;

     e.  Refused to provide plaintiff with maintenance services;

     f.  Moved plaintiff from room-to-room within the hotel without cause;

     g.  Evicted the plaintiff from his room without cause or justification;

     h.  Otherwise prevented the plaintiff from making and enforcing a contract under which he had certain rights.

410. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of his constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, DURWARD STEWART, demands judgment against HOMETOWNE STUDIOS, LLC for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

*Durward Stewart vs. RED ROOF FRANCHISING*
*Violation of Section 1981*

411. Plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 411.

412. At the aforementioned time and place, RED ROOF FRACHISING, LLC, individually and/or by and through its agents, employees, and/or servants, intentionally discriminated against the plaintiff because of his Jamaican ethnicity.

413. At the aforementioned time and place, RED ROOF FRACHISING, LLC, individually and/or by and through its agents, employees, and/or servants had a duty under 42 U.S.C. §1981 to refrain from discriminating against the plaintiff based on his race and ethnicity, and denying the plaintiff's right to make and enforce contracts because of his race and/or ethnicity.

414. At the aforementioned time and place, RED ROOF FRACHISING, individually and/or by and through its agents, employees, and/or servants wrongfully and intentionally prevented the plaintiff from enjoying any of the benefits for which he contracted through one or more of the following acts and/or omissions:

    a. Harassed the plaintiff by calling him derogatory terms;

    b. Refused plaintiff access to his mail and deliveries;

    c. Threatened to evict the plaintiff from his respective hotel rooms without cause or justifications;

    d. Refused to clean plaintiff's respective hotel rooms;

    e. Refused to provide plaintiff with maintenance services;

f. Moved plaintiff from room-to-room within the hotel without cause;

g. Evicted the plaintiff from his room without cause or justification;

h. Otherwise prevented the plaintiff from making and enforcing a contract under which he had certain rights.

415. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of his constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, DURWARD STEWART, demands judgment against RED ROOF FRACHISING, LLC for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

## COUNT LCVIII
*Durward Stewart v. RED ROOF FRACHISING*
Violation of Section 1985

416. The plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 416.

417. At the aforementioned place and time, RED ROOF FRACHISING, LLC, individually and/or by and through its agents, employees, and/or servants, conspired with co-defendants, DW CROSSLAND OWNERS, LLC, WESTMONT HOSPITALITY GROUP, HOMETOWNE STUDIOS, LLC and ESSENCE McCAULEY, for the purpose of depriving the plaintiff of his constitutional protected rights to make and enforce contracts because of his race and ethnicity.

418. At the aforementioned place and time, RED ROOF FRACHISING LLC, individually and/or by and through its agents, employees, and/or servants, committed the following acts or omissions in furtherance of said conspiracy:

    a. Harassed the plaintiffs by calling them derogatory terms;

    b. Refused plaintiffs access to their mail and deliveries;

    c. Threatened to evict the plaintiffs from their respective hotel rooms without cause or justifications;

    d. Refused to clean plaintiff's respective hotel rooms;

    e. Refused to provide plaintiffs with maintenance services;

    f. Moved plaintiffs from room-to-room within the hotel without cause;

    g. Evicted the plaintiffs from their rooms without cause or justification;

    h. Otherwise prevented the plaintiffs from making and enforcing a contract under which they had certain rights.

419. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of his constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, DURWARD STEWART, demands judgment against RED ROOF FRACHISING, LLC for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

**COUNT C**
*Durward Stewart v. ESSENCE McCAULEY*
Violation of Section 1981

420. Plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 420.

421. At the aforementioned time and place, ESSENCE McCAULEY, individually and/or as agent, employee, and/or servant of defendants, HOMETOWNE STUDIOS, LLC, RED ROOF FRANCHISING, LLC, intentionally discriminated against the plaintiff because of his race/skin color and Jamaican ethnicity.

422. At the aforementioned time and place, ESSENCE McCAULEY, individually and/or as agent, employee, and/or servant of defendants, HOMETOWNE STUDIOS, LLC, RED ROOF FRANCHISING, LLC, had a duty under 42 U.S.C. §1981 to refrain from discriminating against the plaintiff based on his race and ethnicity, and denying the plaintiff's right to make and enforce contracts because of his race and/or ethnicity.

423. At the aforementioned time and place, ESSENCE McCAULEY, individually and/or as agent, employee, and/or servant of defendants, HOMETOWNE STUDIOS, LLC, RED ROOF FRANCHISING, LLC, wrongfully and intentionally prevented the plaintiff from enjoying any of the benefits for which he contracted through one or more of the following acts and/or omissions:

   a. Harassed the plaintiff by calling him derogatory terms;

   b. Refused plaintiff access to his mail and deliveries;

   c. Threatened to evict the plaintiff from his respective hotel rooms without cause or justifications;

   d. Refused to clean plaintiff's respective hotel rooms;

   e. Refused to provide plaintiff with maintenance services;

f.  Moved plaintiff from room-to-room within the hotel without cause;

g.  Evicted the plaintiff from his room without cause or justification;

h.  Otherwise prevented the plaintiff from making and enforcing a contract under which he had certain rights.

424. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of his constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, DURWARD STEWART, demands judgment against ESSENCE McCAULEY for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

**COUNT CI**
*Durward Stewart v. ESSENCE McCAULEY*
Violation of Section 1985

425. The plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 425.

426. At the aforementioned place and time, ESSENCE McCAULEY, individually and/or as agent, employee, and/or servant of defendants, WESTMONT HOSPITALITY GROUP and/or DW CROSSLAND OWNER, LLC and/or HOMETOWNE STUDIOS, LLC and/or RED ROOF FRANCHISING, LLC conspired with co-defendants, WESTMONT HOSPITALITY GROUP and/or DW CROSSLAND OWNER, LLC and/or HOMETOWNE STUDIOS, LLC and/or RED ROOF FRANCHISING, LLC for the purpose of depriving the plaintiff of his

constitutional protected rights to make and enforce contracts because of his race and ethnicity.

427. At the aforementioned place and time, ESSENCE McCAULEY, individually and/or as agent, employee, and/or servant of defendants, WESTMONT HOSPITALITY GROUP and/or DW CROSSLAND OWNER, LLC and/or HOMETOWNE STUDIOS, LLC and/or RED ROOF FRANCHISING, LLC, committed the following acts or omissions in furtherance of said conspiracy:

    a. Harassed the plaintiff by calling him derogatory terms;

    b. Refused plaintiff access to his mail and deliveries;

    c. Threatened to evict the plaintiff from his respective hotel rooms without cause or justifications;

    d. Refused to clean plaintiff's respective hotel rooms;

    e. Refused to provide plaintiff with maintenance services;

    f. Moved plaintiff from room-to-room within the hotel without cause;

    g. Evicted the plaintiff from his room without cause or justification;

    h. Otherwise prevented the plaintiff from making and enforcing a contract under which he had certain rights.

428. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of his constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, DURWARD STEWART, demands judgment against ESSENCE McCAULEY, for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

## COUNT CII
*Eugene Williams Jr. vs. WESTMONT HOSPITALITY GROUP*
*Violation of Section 1981*

429. Plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 429.

430. At the aforementioned time and place, WESTMONT HOSPITALITY GROUP, individually and/or by and through its agents, employees, and/or servants, intentionally discriminated against the plaintiff because of his race/skin color.

431. At the aforementioned time and place, WESTMONT HOSPITALITY GROUP, individually and/or by and through its agents, employees, and/or servants had a duty under 42 U.S.C. §1981 to refrain from discriminating against the plaintiff based on his race and ethnicity, and denying the plaintiff's right to make and enforce contracts because of his race and/or ethnicity.

432. At the aforementioned time and place, WESTMONT HOSPITALITY GROUP, individually and/or by and through its agents, employees, and/or servants wrongfully and intentionally prevented the plaintiff from enjoying any of the benefits for which he contracted through one or more of the following acts and/or omissions:

    a.  Harassed the plaintiff by calling him derogatory terms;

    b.  Refused plaintiff access to his mail and deliveries;

c. Threatened to evict the plaintiff from his respective hotel rooms without cause or justifications;

d. Refused to clean plaintiff's respective hotel rooms;

e. Refused to provide plaintiff with maintenance services;

f. Moved plaintiff from room-to-room within the hotel without cause;

g. Evicted the plaintiff from his room without cause or justification;

h. Otherwise prevented the plaintiff from making and enforcing a contract under which he had certain rights.

433. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of his constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, EUGENE WILLIAMS JR., demands judgment against WESTMONT HOSPITALITY GROUP for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

## COUNT CIII
*Eugene Williams Jr. v. WESTMONT HOSPITALITY GROUP*
Violation of Section 1985

434. The plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 434.

435. At the aforementioned place and time, WESTMONT HOSPITALITY GROUP, individually and/or by and through its agents, employees, and/or servants, conspired with co-defendants, DW CROSSLAND OWNERS, LLC, HOMETOWNE

STUDIOS, LLC, RED ROOF FRANCHISING, LLC and ESSENCE McCAULEY, for the purpose of depriving the plaintiff of his constitutional protected rights to make and enforce contracts because of his race and ethnicity.

436. At the aforementioned place and time, WESTMONT HOSPITALITY GROUP, individually and/or by and through its agents, employees, and/or servants, committed the following acts or omissions in furtherance of said conspiracy:

   a. Harassed the plaintiff by calling him derogatory terms;

   b. Refused plaintiff access to his mail and deliveries;

   c. Threatened to evict the plaintiff from his respective hotel rooms without cause or justifications;

   d. Refused to clean plaintiff's respective hotel rooms;

   e. Refused to provide plaintiff with maintenance services;

   f. Moved plaintiff from room-to-room within the hotel without cause;

   g. Evicted the plaintiff from his room without cause or justification;

   h. Otherwise prevented the plaintiff from making and enforcing a contract under which he had certain rights.

437. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of his constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, EUGENE WILLIAMS JR., demands judgment against WESTMONT HOSPITALITY GROUP for compensatory damages,

attorney's fees and costs, and for such other relief as this Court deems equitable and just.

## COUNT CIV
*Eugene Williams Jr. v. DW CROSSLANDS OWNER, LLC*
Violation of Section 1981

438. Plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 438.

439. At the aforementioned time and place, DW CROSSLANDS OWNER, LLC, individually and/or by and through its agents, employees, and/or servants, intentionally discriminated against the plaintiff because of his race/skin color.

440. At the aforementioned time and place, DW CROSSLANDS OWNER, LLC, individually and/or by and through its agents, employees, and/or servants had a duty under 42 U.S.C. §1981 to refrain from discriminating against the plaintiff based on his race and ethnicity, and denying the plaintiff's right to make and enforce contracts because of his race and/or ethnicity.

441. At the aforementioned time and place, DW CROSSLANDS OWNER, LLC, individually and/or by and through its agents, employees, and/or servants wrongfully and intentionally prevented the plaintiff from enjoying any of the benefits for which he contracted through one or more of the following acts and/or omissions:

   a. Harassed the plaintiff by calling him derogatory terms;

   b. Refused plaintiff access to his mail and deliveries;

   c. Threatened to evict the plaintiff from his respective hotel rooms without cause or justifications;

146

d.   Refused to clean plaintiff's respective hotel rooms;

e.   Refused to provide plaintiff with maintenance services;

f.   Moved plaintiff from room-to-room within the hotel without cause;

g.   Evicted the plaintiff from his room without cause or justification;

h.   Otherwise prevented the plaintiff from making and enforcing a contract under which he had certain rights.

442. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of his constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, EUGENE WILLIAMS JR., demands judgment against DW CROSSLANDS OWNER, LLC for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

**COUNT CV**
*Eugene Williams Jr. v. DW CROSSLANDS OWNER, LLC*
Violation of Section 1985

443. The plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 443.

444. At the aforementioned place and time, DW CROSSLANDS OWNER, LLC, individually and/or by and through its agents, employees, and/or servants, conspired with co-defendants, WESTMONT HOSPITATLIY GROUP, HOMETOWNE STUDIOS, LLC, RED ROOF FRANCHISING, LLC and ESSENCE

McCAULEY, for the purpose of depriving the plaintiff of his constitutional protected rights to make and enforce contracts because of his race and ethnicity.

445. At the aforementioned place and time, DW CROSSLANDS OWNER, LLC, individually and/or by and through its agents, employees, and/or servants, committed the following acts or omissions in furtherance of said conspiracy:

   a. Harassed the plaintiff by calling him derogatory terms;

   b. Refused plaintiff access to his mail and deliveries;

   c. Threatened to evict the plaintiff from his respective hotel rooms without cause or justifications;

   d. Refused to clean plaintiff's respective hotel rooms;

   e. Refused to provide plaintiff with maintenance services;

   f. Moved plaintiff from room-to-room within the hotel without cause;

   g. Evicted the plaintiff from his room without cause or justification;

   h. Otherwise prevented the plaintiff from making and enforcing a contract under which he had certain rights.

446. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of his constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, EUGENE WILLIAMS JR., demands judgment against DW CROSSLANDS OWNER, LLC for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

## COUNT CVI
*Eugene Williams Jr. vs. HOMETOWNE STUDIOS*
*Violation of Section 1981*

447. Plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 447.

448. At the aforementioned time and place, HOMETOWNE STUDIOS, LLC, individually and/or by and through its agents, employees, and/or servants, intentionally discriminated against the plaintiff because of his Jamaican ethnicity.

449. At the aforementioned time and place, HOMETOWNE STUDIOS, LLC, individually and/or by and through its agents, employees, and/or servants had a duty under 42 U.S.C. §1981 to refrain from discriminating against the plaintiff based on his race and ethnicity, and denying the plaintiff's right to make and enforce contracts because of his race and/or ethnicity.

450. At the aforementioned time and place, HOMETOWNE STUDIOS LLC, individually and/or by and through its agents, employees, and/or servants wrongfully and intentionally prevented the plaintiff from enjoying any of the benefits for which he contracted through one or more of the following acts and/or omissions:

    a. Harassed the plaintiff by calling him derogatory terms;

    b. Refused plaintiff access to his mail and deliveries;

    c. Threatened to evict the plaintiff from his respective hotel rooms without cause or justifications;

    d. Refused to clean plaintiff's respective hotel rooms;

    e. Refused to provide plaintiff with maintenance services;

    f.   Moved plaintiff from room-to-room within the hotel without cause;

    g.   Evicted the plaintiff from his room without cause or justification;

    h.   Otherwise prevented the plaintiff from making and enforcing a contract under which he had certain rights.

451. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of his constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, EUGENE WILLIAMS JR., demands judgment against HOMETOWNE STUDIOS, LLC for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

**COUNT CVII**
*Eugene Williams Jr. v. HOMETOWNE STUDIOS, LLC*
Violation of Section 1985

452. The plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 452.

453. At the aforementioned place and time, HOMETOWNE STUDIOS LLC, individually and/or by and through its agents, employees, and/or servants, conspired with co-defendants, DW CROSSLAND OWNERS, LLC, WESTMONT HOSPITALITY GROUP, RED ROOF FRANCHISING, LLC and ESSENCE McCAULEY, for the purpose of depriving the plaintiff of his constitutional protected rights to make and enforce contracts because of his race and ethnicity.

454. At the aforementioned place and time, HOMETOWNE STUDIOS LLC, individually and/or by and through its agents, employees, and/or servants, committed the following acts or omissions in furtherance of said conspiracy:

    a. Harassed the plaintiff by calling him derogatory terms;

    b. Refused plaintiff access to his mail and deliveries;

    c. Threatened to evict the plaintiff from his respective hotel rooms without cause or justifications;

    d. Refused to clean plaintiff's respective hotel rooms;

    e. Refused to provide plaintiff with maintenance services;

    f. Moved plaintiff from room-to-room within the hotel without cause;

    g. Evicted the plaintiff from his room without cause or justification;

    h. Otherwise prevented the plaintiff from making and enforcing a contract under which he had certain rights.

455. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of his constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, EUGENE WILLIAMS JR., demands judgment against HOMETOWNE STUDIOS, LLC for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

**COUNT CVIII**
*Eugene Williams Jr. vs. RED ROOF FRANCHISING*
*Violation of Section 1981*

456. Plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 456.

457. At the aforementioned time and place, RED ROOF FRACHISING, LLC, individually and/or by and through its agents, employees, and/or servants, intentionally discriminated against the plaintiff because of his Jamaican ethnicity.

458. At the aforementioned time and place, RED ROOF FRACHISING, LLC, individually and/or by and through its agents, employees, and/or servants had a duty under 42 U.S.C. §1981 to refrain from discriminating against the plaintiff based on his race and ethnicity, and denying the plaintiff's right to make and enforce contracts because of his race and/or ethnicity.

459. At the aforementioned time and place, RED ROOF FRACHISING, individually and/or by and through its agents, employees, and/or servants wrongfully and intentionally prevented the plaintiff from enjoying any of the benefits for which he contracted through one or more of the following acts and/or omissions:

    a. Harassed the plaintiff by calling him derogatory terms;

    b. Refused plaintiff access to his mail and deliveries;

    c. Threatened to evict the plaintiff from his respective hotel rooms without cause or justifications;

    d. Refused to clean plaintiff's respective hotel rooms;

    e. Refused to provide plaintiff with maintenance services;

    f. Moved plaintiff from room-to-room within the hotel without cause;

    g. Evicted the plaintiff from his room without cause or justification;

h.   Otherwise prevented the plaintiff from making and enforcing a
     contract under which he had certain rights.

460. As a direct and proximate cause of one or more of the foregoing wrongful

acts and omissions, the plaintiff was deprived of his constitutional rights and

privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of

life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, EUGENE WILLIAMS JR., demands judgment

against RED ROOF FRACHISING, LLC for compensatory damages, attorney's fees

and costs, and for such other relief as this Court deems equitable and just.

## COUNT CIX
*Kevaughn Blackwood v. RED ROOF FRACHISING*
Violation of Section 1985

461. The plaintiff repeats, realleges and incorporates paragraphs 1-24 as though

fully stated herein as paragraph 461.

462. At the aforementioned place and time, RED ROOF FRACHISING, LLC,

individually and/or by and through its agents, employees, and/or servants,

conspired with co-defendants, DW CROSSLAND OWNERS, LLC, WESTMONT

HOSPITALITY GROUP, HOMETOWNE STUDIOS, LLC and ESSENCE

McCAULEY, for the purpose of depriving the plaintiff of his constitutional protected

rights to make and enforce contracts because of his race and ethnicity.

463. At the aforementioned place and time, RED ROOF FRACHISING LLC,

individually and/or by and through its agents, employees, and/or servants,

committed the following acts or omissions in furtherance of said conspiracy:

a. Harassed the plaintiff by calling him derogatory terms;

b. Refused plaintiff access to his mail and deliveries;

c. Threatened to evict the plaintiff from his respective hotel rooms without cause or justifications;

d. Refused to clean plaintiff's respective hotel rooms;

e. Refused to provide plaintiff with maintenance services;

f. Moved plaintiff from room-to-room within the hotel without cause;

g. Evicted the plaintiff from his room without cause or justification;

h. Otherwise prevented the plaintiff from making and enforcing a contract under which he had certain rights.

464. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of his constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, EUGENE WILLIAMS JR., demands judgment against RED ROOF FRACHISING, LLC for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

### COUNT CX
*Eugene Williams Jr. v. ESSENCE McCAULEY*
Violation of Section 1981

465. Plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 465.

466. At the aforementioned time and place, ESSENCE McCAULEY, individually and/or as agent, employee, and/or servant of defendants, WESTMONT

HOSPITALITY GROUP and/or DW CROSSLAND OWNER, LLC and/or HOMETOWNE STUDIOS, LLC and/or RED ROOF FRANCHISING, LLC, intentionally discriminated against the plaintiff because of his race/skin color.

467. At the aforementioned time and place, ESSENCE McCAULEY, individually and/or as agent, employee, and/or servant of defendants, WESTMONT HOSPITALITY GROUP and/or DW CROSSLAND OWNER, LLC and/or HOMETOWNE STUDIOS, LLC and/or RED ROOF FRANCHISING, LLC, had a duty under 42 U.S.C. §1981 to refrain from discriminating against the plaintiff based on his race and ethnicity, and denying the plaintiff's right to make and enforce contracts because of his race and/or ethnicity.

468. At the aforementioned time and place, ESSENCE McCAULEY, individually and/or as agent, employee, and/or servant of defendants, WESTMONT HOSPITALITY GROUP and/or DW CROSSLAND OWNER, LLC and/or HOMETOWNE STUDIOS, LLC and/or RED ROOF FRANCHISING, LLC, wrongfully and intentionally prevented the plaintiff from enjoying any of the benefits for which he contracted through one or more of the following acts and/or omissions:

   a. Harassed the plaintiff by calling him derogatory terms;

   b. Refused plaintiff access to his mail and deliveries;

   c. Threatened to evict the plaintiff from his respective hotel rooms without cause or justifications;

   d. Refused to clean plaintiff's respective hotel rooms;

   e. Refused to provide plaintiff with maintenance services;

f. Moved plaintiff from room-to-room within the hotel without cause;

g. Evicted the plaintiff from his room without cause or justification;

h. Otherwise prevented the plaintiff from making and enforcing a contract under which he had certain rights.

469. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of his constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, EUGENE WILLIAMS JR., demands judgment against ESSENCE McCAULEY for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

## COUNT CXI
*Eugene Williams Jr. v. ESSENCE McCAULEY*
Violation of Section 1985

470. The plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 470.

471. At the aforementioned place and time, ESSENCE McCAULEY, individually and/or as agent, employee, and/or servant of defendants, WESTMONT HOSPITALITY GROUP and/or DW CROSSLAND OWNER, LLC and/or HOMETOWNE STUDIOS, LLC and/or RED ROOF FRANCHISING, LLC conspired with co-defendants, WESTMONT HOSPITALITY GROUP and/or DW CROSSLAND OWNER, LLC and/or HOMETOWNE STUDIOS, LLC and/or RED ROOF FRANCHISING, LLC, for the purpose of depriving the plaintiff of his

constitutional protected rights to make and enforce contracts because of his race and ethnicity.

472. At the aforementioned place and time, ESSENCE McCAULEY, individually and/or as agent, employee, and/or servant of defendants, WESTMONT HOSPITALITY GROUP and/or DW CROSSLAND OWNER, LLC and/or HOMETOWNE STUDIOS, LLC and/or RED ROOF FRANCHISING, LLC, committed the following acts or omissions in furtherance of said conspiracy:

     a.  Harassed the plaintiff by calling him derogatory terms;

     b.  Refused plaintiff access to his mail and deliveries;

     c.  Threatened to evict the plaintiff from his respective hotel rooms without cause or justifications;

     d.  Refused to clean plaintiff's respective hotel rooms;

     e.  Refused to provide plaintiff with maintenance services;

     f.  Moved plaintiff from room-to-room within the hotel without cause;

     g.  Evicted the plaintiff from his room without cause or justification;

     h.  Otherwise prevented the plaintiff from making and enforcing a contract under which he had certain rights.

473. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of his constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, EUGENE WILLIAMS JR., demands judgment against ESSENCE McCAULEY, for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

## COUNT CXII
*Shawndra Walker vs. WESTMONT HOSPITALITY GROUP*
*Violation of Section 1981*

474. Plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 474.

475. At the aforementioned time and place, WESTMONT HOSPITALITY GROUP, individually and/or by and through its agents, employees, and/or servants, intentionally discriminated against the plaintiff because of her race/skin color.

476. At the aforementioned time and place, WESTMONT HOSPITALITY GROUP, individually and/or by and through its agents, employees, and/or servants had a duty under 42 U.S.C. §1981 to refrain from discriminating against the plaintiff based on her race and ethnicity, and denying the plaintiff's right to make and enforce contracts because of her race and/or ethnicity.

477. At the aforementioned time and place, WESTMONT HOSPITALITY GROUP, individually and/or by and through its agents, employees, and/or servants wrongfully and intentionally prevented the plaintiff from enjoying any of the benefits for which she contracted through one or more of the following acts and/or omissions:

    a. Harassed the plaintiff by calling her derogatory terms;

    b. Refused plaintiff access to her mail and deliveries;

    c. Threatened to evict the plaintiff from her respective hotel rooms without cause or justifications;

    d. Refused to clean plaintiff's respective hotel rooms;

    e. Refused to provide plaintiff with maintenance services;

    f. Moved plaintiff from room-to-room within the hotel without cause;

    g. Evicted the plaintiff from her room without cause or justification;

    h. Otherwise prevented the plaintiff from making and enforcing a contract under which she had certain rights.

478. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of her constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, SHAWNDRA WALKER, demands judgment against WESTMONT HOSPITALITY GROUP for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

## COUNT CXIII
*Shawndra Walker v. WESTMONT HOSPITALITY GROUP*
Violation of Section 1985

479. The plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 479.

480. At the aforementioned place and time, WESTMONT HOSPITALITY GROUP, individually and/or by and through its agents, employees, and/or servants, conspired with co-defendants, DW CROSSLAND OWNERS, LLC, HOMETOWNE

STUDIOS, LLC, RED ROOF FRANCHISING, LLC and ESSENCE McCAULEY, for the purpose of depriving the plaintiff of her constitutional protected rights to make and enforce contracts because of her race and ethnicity.

481. At the aforementioned place and time, WESTMONT HOSPITALITY GROUP, individually and/or by and through its agents, employees, and/or servants, committed the following acts or omissions in furtherance of said conspiracy:

      a.  Harassed the plaintiff by calling her derogatory terms;

      b.  Refused plaintiff access to her mail and deliveries;

      c.  Threatened to evict the plaintiff from her respective hotel rooms without cause or justifications;

      d.  Refused to clean plaintiff's respective hotel rooms;

      e.  Refused to provide plaintiff with maintenance services;

      f.  Moved plaintiff from room-to-room within the hotel without cause;

      g.  Evicted the plaintiff from her room without cause or justification;

      h.  Otherwise prevented the plaintiff from making and enforcing a contract under which she had certain rights.

482. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of her constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, SHAWNDRA WALKER, demands judgment against WESTMONT HOSPITALITY GROUP for compensatory damages,

attorney's fees and costs, and for such other relief as this Court deems equitable and just.

## COUNT CXIV
*Shawndra Walker v. DW CROSSLANDS OWNER, LLC*
Violation of Section 1981

483. Plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 483.

484. At the aforementioned time and place, DW CROSSLANDS OWNER, LLC, individually and/or by and through its agents, employees, and/or servants, intentionally discriminated against the plaintiff because of her race/skin color.

485. At the aforementioned time and place, DW CROSSLANDS OWNER, LLC, individually and/or by and through its agents, employees, and/or servants had a duty under 42 U.S.C. §1981 to refrain from discriminating against the plaintiff based on her race and ethnicity, and denying the plaintiff's right to make and enforce contracts because of her race and/or ethnicity.

486. At the aforementioned time and place, DW CROSSLANDS OWNER, LLC, individually and/or by and through its agents, employees, and/or servants wrongfully and intentionally prevented the plaintiff from enjoying any of the benefits for which she contracted through one or more of the following acts and/or omissions:

    a. Harassed the plaintiff by calling her derogatory terms;

    b. Refused plaintiff access to her mail and deliveries;

    c. Threatened to evict the plaintiff from her respective hotel rooms without cause or justifications;

d.  Refused to clean plaintiff's respective hotel rooms;

e.  Refused to provide plaintiff with maintenance services;

f.  Moved plaintiff from room-to-room within the hotel without cause;

g.  Evicted the plaintiff from her room without cause or justification;

h.  Otherwise prevented the plaintiff from making and enforcing a contract under which she had certain rights.

487. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of her constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, SHAWNDRA WALKER, demands judgment against DW CROSSLANDS OWNER, LLC for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

### COUNT CXV
*Shawndra Walker v. DW CROSSLANDS OWNER, LLC*
Violation of Section 1985

488. The plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 488.

489. At the aforementioned place and time, DW CROSSLANDS OWNER, LLC, individually and/or by and through its agents, employees, and/or servants, conspired with co-defendants, WESTMONT HOSPITATLIY GROUP, HOMETOWNE STUDIOS, LLC, RED ROOF FRANCHISING, LLC and ESSENCE

McCAULEY, for the purpose of depriving the plaintiff of her constitutional

protected rights to make and enforce contracts because of her race and ethnicity.

490. At the aforementioned place and time, DW CROSSLANDS OWNER, LLC,

individually and/or by and through its agents, employees, and/or servants,

committed the following acts or omissions in furtherance of said conspiracy:

    a.  Harassed the plaintiff by calling her derogatory terms;

    b.  Refused plaintiff access to her mail and deliveries;

    c.  Threatened to evict the plaintiff from her respective hotel rooms without cause or justifications;

    d.  Refused to clean plaintiff's respective hotel rooms;

    e.  Refused to provide plaintiff with maintenance services;

    f.  Moved plaintiff from room-to-room within the hotel without cause;

    g.  Evicted the plaintiff from her room without cause or justification;

    h.  Otherwise prevented the plaintiff from making and enforcing a contract under which she had certain rights.

491. As a direct and proximate cause of one or more of the foregoing wrongful

acts and omissions, the plaintiff was deprived of her constitutional rights and

privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of

life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, SHAWNDRA WALKER, demands judgment

against DW CROSSLANDS OWNER, LLC for compensatory damages, attorney's

fees and costs, and for such other relief as this Court deems equitable and just.

### COUNT CXVI
*Shawndra Walker vs. HOMETOWNE STUDIOS*

*Violation of Section 1981*

492. Plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 492.

493. At the aforementioned time and place, HOMETOWNE STUDIOS, LLC, individually and/or by and through its agents, employees, and/or servants, intentionally discriminated against the plaintiff because of her race/skin color.

494. At the aforementioned time and place, HOMETOWNE STUDIOS, LLC, individually and/or by and through its agents, employees, and/or servants had a duty under 42 U.S.C. §1981 to refrain from discriminating against the plaintiff based on her race and ethnicity, and denying the plaintiff's right to make and enforce contracts because of her race and/or ethnicity.

495. At the aforementioned time and place, HOMETOWNE STUDIOS, LLC, individually and/or by and through its agents, employees, and/or servants wrongfully and intentionally prevented the plaintiff from enjoying any of the benefits for which he contracted through one or more of the following acts and/or omissions:

    a. Harassed the plaintiff by calling her derogatory terms;

    b. Refused plaintiff access to her mail and deliveries;

    c. Threatened to evict the plaintiff from her respective hotel rooms without cause or justifications;

    d. Refused to clean plaintiff's respective hotel rooms;

    e. Refused to provide plaintiff with maintenance services;

    f. Moved plaintiff from room-to-room within the hotel without cause;

g. Evicted the plaintiff from her room without cause or justification;

h. Otherwise prevented the plaintiff from making and enforcing a contract under which she had certain rights.

496. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of her constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, SHAWNDRA WALKER, demands judgment against HOMETOWNE STUDIOS, LLC for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

### COUNT CXVII
*Shawndra Walker v. HOMETOWNE STUDIOS*
Violation of Section 1985

497. The plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 497.

498. At the aforementioned place and time, HOMETOWNE STUDIOS, LLC, individually and/or by and through its agents, employees, and/or servants, conspired with co-defendants, DW CROSSLAND OWNERS, LLC, WESTMONT HOSPITALITY GROUP, RED ROOF FRANCHISING, LLC, and ESSENCE McCAULEY, for the purpose of depriving the plaintiff of her constitutional protected rights to make and enforce contracts because of her race and ethnicity.

499. At the aforementioned place and time, HOMETOWNE STUDIOS, LLC, individually and/or by and through its agents, employees, and/or servants, committed the following acts or omissions in furtherance of said conspiracy:

   a. Harassed the plaintiff by calling her derogatory terms;

   b. Refused plaintiff access to her mail and deliveries;

   c. Threatened to evict the plaintiff from her respective hotel rooms without cause or justifications;

   d. Refused to clean plaintiff's respective hotel rooms;

   e. Refused to provide plaintiff with maintenance services;

   f. Moved plaintiff from room-to-room within the hotel without cause;

   g. Evicted the plaintiff from her room without cause or justification;

   h. Otherwise prevented the plaintiff from making and enforcing a contract under which she had certain rights.

500. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of her constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, SHAWNDRA WALKER, demands judgment against HOMETOWNE STUDIOS, LLC for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

**COUNT CXVIII**
*Shawndra Walker v. RED ROOF FRANCHISING, LLC*
Violation of Section 1981

501. Plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 501.

502. At the aforementioned time and place, RED ROOF FRANCHISING, LLC individually and/or by and through its agents, employees, and/or servants, intentionally discriminated against the plaintiff because of her race/skin color.

503. At the aforementioned time and place, RED ROOF FRANCHISING, LLC, individually and/or by and through its agents, employees, and/or servants had a duty under 42 U.S.C. §1981 to refrain from discriminating against the plaintiff based on her race and ethnicity, and denying the plaintiff's right to make and enforce contracts because of her race and/or ethnicity.

504. At the aforementioned time and place, RED ROOF FRANCHISING, LLC, individually and/or by and through its agents, employees, and/or servants wrongfully and intentionally prevented the plaintiff from enjoying any of the benefits for which she contracted through one or more of the following acts and/or omissions:

    a.  Harassed the plaintiff by calling her derogatory terms;

    b.  Refused plaintiff access to her mail and deliveries;

    c.  Threatened to evict the plaintiff from her respective hotel rooms without cause or justifications;

    d.  Refused to clean plaintiff's respective hotel rooms;

    e.  Refused to provide plaintiff with maintenance services;

    f.  Moved plaintiff from room-to-room within the hotel without cause;

    g.  Evicted the plaintiff from her room without cause or justification;

h. Otherwise prevented the plaintiff from making and enforcing a contract under which she had certain rights.

505. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of her constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, SHAWNDRA WALKER, demands judgment against RED ROOF FRANCHISING, LLC for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

## COUNT CXIX
*Shawndra Walker v. RED ROOF FRANCHISING, LLC*
Violation of Section 1985

506. The plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 506.

507. At the aforementioned place and time, , individually and/or by and through its agents, employees, and/or servants, conspired with co-defendants, DW CROSSLANDS OWNER, LLC, WESTMONT HOSPITATLIY GROUP, HOMETOWNE STUDIOS, LLC and ESSENCE McCAULEY, for the purpose of depriving the plaintiff of her constitutional protected rights to make and enforce contracts because of her race and ethnicity.

508. At the aforementioned place and time, RED ROOF FRANCHISING, LLC, individually and/or by and through its agents, employees, and/or servants, committed the following acts or omissions in furtherance of said conspiracy:

    a. Harassed the plaintiff by calling her derogatory terms;

    b. Refused plaintiff access to her mail and deliveries;

    c. Threatened to evict the plaintiff from her respective hotel rooms without cause or justifications;

    d. Refused to clean plaintiff's respective hotel rooms;

    e. Refused to provide plaintiff with maintenance services;

    f. Moved plaintiff from room-to-room within the hotel without cause;

    g. Evicted the plaintiff from her room without cause or justification;

    h. Otherwise prevented the plaintiff from making and enforcing a contract under which she had certain rights.

509. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of her constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, SHAWNDRA WALKER, demands judgment against RED ROOF FRANCHISING, LLC for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

**COUNT CXXI**
*Shawndra Walker v. ESSENCE McCAULEY*
Violation of Section 1981

510. Plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 510.

511. At the aforementioned time and place, ESSENCE McCAULEY, individually and/or as agent, employee, and/or servant of defendants, WESTMONT

HOSPITALITY GROUP and/or DW CROSSLAND OWNER, LLC and/or

HOMETOWNE STUDIOS, LLC and/or RED ROOF FRANCHISING, LLC,

intentionally discriminated against the plaintiff because of her race/skin color.

512. At the aforementioned time and place, ESSENCE McCAULEY, individually

and/or as agent, employee, and/or servant of defendants, WESTMONT

HOSPITALITY GROUP and/or DW CROSSLAND OWNER, LLC and/or

HOMETOWNE STUDIOS, LLC and/or RED ROOF FRANCHISING, LLC, had a

duty under 42 U.S.C. §1981 to refrain from discriminating against the plaintiff

based on her race and ethnicity, and denying the plaintiff's right to make and

enforce contracts because of her race and/or ethnicity.

513. At the aforementioned time and place, ESSENCE McCAULEY, individually

and/or as agent, employee, and/or servant of defendants, WESTMONT

HOSPITALITY GROUP and/or DW CROSSLAND OWNER, LLC and/or

HOMETOWNE STUDIOS, LLC and/or RED ROOF FRANCHISING, LLC,

wrongfully and intentionally prevented the plaintiff from enjoying any of the

benefits for which she contracted through one or more of the following acts and/or

omissions:

      a.  Harassed the plaintiff by calling her derogatory terms;

      b.  Refused plaintiff access to her mail and deliveries;

      c.  Threatened to evict the plaintiff from her respective hotel rooms without cause or justifications;

      d.  Refused to clean plaintiff's respective hotel rooms;

      e.  Refused to provide plaintiff with maintenance services;

f.   Moved plaintiff from room-to-room within the hotel without cause;

g.   Evicted the plaintiff from her room without cause or justification;

h.   Otherwise prevented the plaintiff from making and enforcing a contract under which she had certain rights.

514. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of her constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, SHAWNDRA WALKER, demands judgment against ESSENCE McCAULEY for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

**COUNT CXXII**
*Shawndra Walker v. ESSENCE McCAULEY*
Violation of Section 1985

515. The plaintiff repeats, realleges and incorporates paragraphs 1-24 as though fully stated herein as paragraph 515.

516. At the aforementioned place and time, ESSENCE McCAULEY, individually and/or as agent, employee, and/or servant of defendants, WESTMONT HOSPITALITY GROUP and/or DW CROSSLAND OWNER, LLC and/or HOMETOWNE STUDIOS, LLC and/or RED ROOF FRANCHISING, LLC conspired with co-defendants, WESTMONT HOSPITALITY GROUP and/or DW CROSSLAND OWNER, LLC and/or HOMETOWNE STUDIOS, LLC and/or RED ROOF FRANCHISING, LLC, for the purpose of depriving the plaintiff of her

constitutional protected rights to make and enforce contracts because of her race and ethnicity.

517. At the aforementioned place and time, ESSENCE McCAULEY, individually and/or as agent, employee, and/or servant of defendants, WESTMONT HOSPITALITY GROUP and/or DW CROSSLAND OWNER, LLC and/or HOMETOWNE STUDIOS, LLC and/or RED ROOF FRANCHISING, LLC, committed the following acts or omissions in furtherance of said conspiracy:

     a. Harassed the plaintiff by calling her derogatory terms;

     b. Refused plaintiff access to her mail and deliveries;

     c. Threatened to evict the plaintiff from her respective hotel rooms without cause or justifications;

     d. Refused to clean plaintiff's respective hotel rooms;

     e. Refused to provide plaintiff with maintenance services;

     f. Moved plaintiff from room-to-room within the hotel without cause;

     g. Evicted the plaintiff from her room without cause or justification;

     h. Otherwise prevented the plaintiff from making and enforcing a contract under which she had certain rights.

518. As a direct and proximate cause of one or more of the foregoing wrongful acts and omissions, the plaintiff was deprived of her constitutional rights and privileges and caused to suffer personal humiliation, loss of capacity, enjoyment of life, mental anguish, and embarrassment, and will continue to do so.

WHEREFORE, the plaintiff, SHAWNDRA WALKER, demands judgment against ESSENCE McCAULEY, for compensatory damages, attorney's fees and costs, and for such other relief as this Court deems equitable and just.

**JURY DEMAND**

Plaintiffs demand trial by jury.

Respectfully Submitted,

O'CONNOR LAW FIRM, LTD.


/s/Matthew M. Popp
Matthew M. Popp

Kevin W. O'Connor (ARDC# 6216627)
Matthew M. Popp (ARDC# 6321315)
Attorneys for Plaintiffs
O'CONNOR LAW FIRM, LTD.
19 South LaSalle Street, Suite 1400
Chicago, Illinois 60603
Phone: (312) 906-7609
Fax: (312) 263-1913
koconnor@koconnorlaw.com
mpopp@koconnorlaw.com
firm@koconnorlaw.com